■ JIMMIE L. BERMAN, Respondent, v HERTZ CORP., Appellant.—In an action to recover the proceeds of an insurance policy, the defendant appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated January 6, 1986, which, upon granting the plaintiff's motion for summary judgment, and denying the defendant's cross motion for sum-

mary judgment, is in favor of the plaintiff and against it in the principal amount of $157,500.

Ordered that the judgment is reversed, with costs, the plaintiff's motion is denied, the defendant's cross motion is granted, and the complaint is dismissed.

The plaintiff's decedent was involved in a fatal accident while driving an automobile rented from the defendant. Pursuant to the terms of the rental agreement, in the event of loss of life resulting from an accident, the "Customer" would receive $175,000 and each passenger would receive $17,500.

On this appeal, the defendant contends that it is not a proper party defendant, since the policy was issued by Massachusetts Indemnity and Life Insurance Company, and the defendant was neither the insurer nor an agent for the insurer. This argument was first raised after the judgment appealed from was issued, in a motion denominated as a motion to vacate the judgment, which was in effect a motion for reargument. No appeal lies from the denial of that motion. Since the argument first was raised after judgment, we will not consider it *(see, Terramare Dev. v County of Suffolk,* 123 AD2d 317).

We find, however, that the plaintiff's decedent was not a party to the rental agreement, but was accepted by the defendant as an additional authorized driver pursuant to a separate written agreement. A fair reading of the rental agreement and the insurance policy to which it is subject makes clear that only the person signing the rental agreement is covered as an insured "customer" and all other persons occupying the rented automobile either as an operator or a passenger are considered to be insured "passengers". Thus, the plaintiff was only entitled to benefits in the amount of $17,500, which have already been paid.

Moreover, under the laws of the State of New Mexico, which govern the contract since it was entered into and the accident occurred in that State, the general rule that a liberal construction favorable to the insured should be adopted does not apply in deciding whether third persons who are not parties to the contract of insurance (e.g., the plaintiff's decedent) belong to the insured class described in the policy *(see, United Nuclear Corp. v Mission Ins. Co.,* 97 NM 647, 642 P2d 1106, 1110; *Atlas Assur. Co. v General Bldrs.,* 93 NM 398, 600 P2d 850). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.