■ LONG PLAYING SESSIONS, INC., Respondent-Appellant, v DELUXE LABORATORIES, INC., et al., Appellants-Respondents, et al., Defendants.—Order and judgment (one paper), Supreme Court, New York County (James White, J.), entered March 18, 1986, awarding plaintiff the sum of $500,000 with interest compounded annually from February 1, 1974 (total judgment of $1,156,358.12), unanimously modified, on the law and on the facts, to vacate the provision for the payment of compounded interest and to order a new trial solely on the issue of damages and otherwise affirmed, without costs or disbursements, unless plaintiff, within 20 days after service upon its

attorney of a copy of the order to be entered herein, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in its favor to $313,000 and to the entry of an amended judgment in accordance therewith, which judgment shall provide for the payment of interest at a simple annual rate rather than at the compounded rate. If plaintiff so stipulates, the judgment as so amended is affirmed, without costs or disbursements.

After review of the record, we find the award of damages to be excessive to the extent indicated. The excessiveness of the verdict was, it would appear, due to plaintiff's counsel's continual request in summation for an award equal to the market value of the lost negative and the claimed lost profits. There was no evidence in this record that plaintiff's film was or could ever have been offered to the "cable T.V." and "video cassettes" market, as counsel was attempting to suggest. The measure of damages in a conversion action is the value of the property at the time of the conversion *(Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326), which, in this case, occurred in 1974 at the latest. Having previously stricken the claim for lost profits and having stated that the negative had no market value, the trial court should have restrained counsel or issued a curative instruction with regard to these improper and prejudicial comments. It did neither.

The trial court also erred in applying a compounded rate of interest, rather than a simple annual rate, on the damage award. The law does not provide for the application of compounded interest in this type of case. CPLR 5001 provides the statutory warrant for the payment of interest in such a case, and CPLR 5004 provides for a 9% rate per annum. Thus, any judgment entered herein must provide for the payment of interest at the statutory simple annual rate.

We have examined the other points raised by these cross appeals and find them without merit. Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.