■ SYLVIA KAUFMAN, Appellant-Respondent, v LE CURT CONSTRUCTION CORP. et al., Respondents-Appellants. [601 NYS2d 186] —In an action to recover damages for breach of contract, the plaintiff appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Suffolk County (Jones, J.), entered August 6, 1990, as, after a nonjury trial, awarded her only $13,158.70 in damages, and the defendants cross-appeal, as limited by their brief, and as further limited by motion papers submitted to this Court, from so much of the same judgment as awarded compound interest in the amount of $14,634 for the period September 16, 1981, through May 16, 1990.

Ordered that the judgment is modified, on the law and the facts, by (1) increasing the award of damages from $13,158.70 to $17,395.65, and (2) deleting the award of compound interest, and substituting therefor a provision awarding simple interest at the statutory rate of 9%; as so modified, the judgment is

affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment in accordance herewith.

In this case involving, *inter alia,* claims for damages for breach of a contract to construct a house, the court, after a nonjury trial, found the defendants liable for breaching the contract and failing to complete construction of the house.

Although the court adopted in large part the figures estimated by one of the plaintiff's experts to be the costs for the completion of various work on the house and correction of the defendants' construction defects, the plaintiff finds the award of damages to be inadequate and seeks an increase in the award. The plaintiff homeowner seeks, among other things, to have this Court adopt her figure of $106,440.49 as a partial measure of her actual expenses for the proper completion of her home (to which figure the plaintiff seeks to add other damages, for a total recovery of $166,492.11). We reject her contention that the trial court erred in rejecting her claimed "actual costs" as the measure of damages. While the plaintiff is entitled to be compensated for the cost of completion of the construction work and the correction of defects in the defendants' work *(see, Kaiser v Fishman,* 138 AD2d 456, 458-459; *Sarnelli v Curzio,* 104 AD2d 552, 553), the proper measure of damages is the "fair and reasonable market price for correcting the defective installation [or completing the construction]" *(Lukoff v Sussex Downs,* 131 AD2d 442, 443; *see also, Bellizzi v Huntley Estates,* 3 NY2d 112, 114-116; *City School Dist. v McLane Constr. Co.,* 85 AD2d 749, 750; *American Std. v Schectman,* 80 AD2d 318, 321, 324).

Upon our review of the trial exhibits and the other evidence adduced at trial, we find that $106,440.49 does not constitute the *reasonable* cost for the completion and correction of the work and the trial court's rejection of that figure was for the most part reasonable *(see, Matter of Fasano v State of New York,* 113 AD2d 885, 887-888; *see also, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *cf., Mayor of City of N. Y. v Second Ave. R. R. Co.,* 102 NY 572, 576-577). This is not to say, however, that each individual component of the trial court's award was correct. On the contrary, we find that the trial court erred in awarding the plaintiff only $850 for repairing cracks in the concrete apron and foundation. We increase this amount to $1,400, to reflect the full amount of the estimated cost of making this repair as attested to by one of the experts. We further deter-

mine that the plaintiff was entitled to an award of $200 to reflect the cost of a second basement door included under the contract but which the defendants never supplied.

Addressing the plaintiff's claims for damages with respect to certain "extras", that is, items not covered by the contract but requested by the plaintiff, we agree that it was error for the trial court to fail to award the plaintiff damages for the defendants' failure to "finish" (sand, stain, and seal) the interior doors, and we also find that the contractor improperly charged the plaintiff a roofing supplement when the trial evidence did not demonstrate that the shingles received by the plaintiff were different than those to be provided under the contract. The damages recoverable for these two items are $1,486.95 and $2,000 respectively.

As for the remainder of the plaintiff's damage claims, with the exception of the two items enumerated above, we find that the plaintiff has failed to adequately demonstrate that the trial court's rejection of these damage claims was against the weight of the credible evidence, or was otherwise unreasonable; nor do we find this determination to be incorrect as a matter of law. Hence, we decline to further modify the court's award of damages.

Finally, we agree with the defendants' contention that the court erred in awarding the plaintiff compound interest upon the damage award. The trial court's decision did not expressly award compound interest, and we further find that, under the circumstances of this case, an award of compound interest would be inappropriate (cf., Long Playing Sessions v Deluxe Labs., 129 AD2d 539). Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.