■ CNY MECHANICAL ASSOCIATES, INC., Respondent, v FIDELITY & GUARANTY INSURANCE COMPANY, Appellant. (Appeal No. 1.) [624 NYS2d 700] —Order unanimously affirmed without costs. Memorandum: McKinley Mechanical, Inc. (McKinley) was hired as a heating, ventilation and air conditioning subcontractor in connection with construction of a building on the Syracuse University campus. Defendant, Fidelity & Guaranty Insurance Company (F&G), issued a Labor and Material Payment Bond (Bond) in the sum of $1,193,908 for McKinley's performance on that contract. McKinley hired CNY Mechanical Associates, Inc. (CNY Mechanical) to perform certain work on its behalf. Upon completion of performance, CNY Mechanical made a claim upon the Bond, asserting that McKinley refused to pay $225,000 that was owing to CNY Mechanical for its work. F&G refused to pay, and CNY Mechanical commenced this action to recover on the Bond.

CNY Mechanical moved for summary judgment, and F&G cross-moved pursuant to CPLR 3211 to dismiss the complaint

upon the ground that CNY Mechanical had failed to satisfy two conditions precedent. Specifically, F&G asserted that, because CNY Mechanical essentially agreed to perform all of McKinley's work, McKinley's subcontract was assigned to CNY Mechanical, and thus, CNY Mechanical was not a "claimant" within the meaning of the Bond; it also asserted that the action was not commenced within one year from the date that McKinley ceased work. Supreme Court held that, by failing to assert the affirmative defenses of lack of capacity to sue and Statute of Limitations in its answer, F&G waived those defenses.

On appeal, F&G contends that qualifying as a claimant and satisfying the contractual Statute of Limitations pursuant to the terms of the Bond are conditions precedent to recovery and that CNY Mechanical was required to allege compliance with those conditions precedent in its complaint. We disagree.

A party is not required to plead the performance or occurrence of a condition precedent contained in a contract (CPLR 3015 [a]). If a plaintiff fails to allege the performance or occurrence of such a condition precedent, the defendant must deny compliance with the condition precedent specifically and with particularity (CPLR 3015 [a]), and the defendant's failure to assert a specific denial constitutes a waiver of that defense *(see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 218). In this case, however, CNY Mechanical alleged compliance with the conditions set forth in the Bond, and F&G's general denial of those allegations obviated the need for a specific denial *(see, Allis-Chalmers Mfg. Co. v Malan Constr. Corp.*, 30 NY2d 225, 233; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3015:2). The general denial was sufficient to cast upon CNY Mechanical the burden of proving at trial that it complied with the conditions of the Bond *(see,* CPLR 3015 [a]), and amendment of the answer to assert the failure to comply with those conditions is unnecessary *(see, Allis-Chalmers Mfg. Co. v Malan Constr. Corp., supra).* Because pleading noncompliance with those conditions is unnecessary, the court did not err in denying F&G's motion for leave to amend the answer. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.— Dismiss Complaint.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.