■ 310 South Broadway Corp. et al., Respondents, v Barrier Gas Service, Inc., et al., Appellants, et al., Defendant.

[637 NYS2d 765] —In an action, *inter alia,* to recover unpaid rent and taxes, the defendants Barrier Gas Service, Inc., and Wayne T. Jeffers appeal from a judgment of the Supreme Court, Westchester County (Wood, J.), entered April 11, 1994, which, upon an order of the same court, entered April 6, 1993, granting the plaintiffs' motion for summary judgment on their second cause of action, is in favor of the plaintiff 310 South Broadway Corp. and against them in the principal sum of $35,584.22, and in favor of the plaintiff 416 Riverdale Corp. and against them in the principal sum of $74,277.80.

Ordered that the judgment is modified, on the law, by adding thereto a provision reducing the damages awarded to the plaintiff 416 Riverdale Corp. against the defendants Barrier Gas Service, Inc., and Wayne T. Jeffers by the principal sum of $7,500, from $74,277.80 to $66,777.80, which represents the amount of the security deposit received by it pursuant to the terms of the lease to the property located at 416 Riverdale Avenue, Yonkers, New York; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended judgment accordingly.

Pursuant to certain leases, the defendants were required, *inter alia,* to pay rents and taxes on properties covered by the leases. The appellants' contention that oral modifications to the leases reduced their rent obligations is belied by the record as well as by the terms of those leases. Each lease contains a provision forbidding modifications except by a writing executed by both parties. These leases are therefore governed by the Statute of Frauds *(see,* General Obligations Law § 15-301 [1]). Without a written agreement signed by the plaintiffs, the appellants must prove an exception to the Statute of Frauds such as waiver, estoppel, or partial performance *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175). Once a party moving for summary judgment has presented prima facie evidence entitling it to judgment as a matter of law, the burden shifts to the opposing party to present sufficient evidence raising triable issues of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

The plaintiffs presented evidence that they never agreed to a reduction of rent regarding the property at 416 Riverdale Avenue in Yonkers, such as bills sent to the defendants throughout the relevant period showing that the defendants were in arrears by the amount of the claimed reduction of rent. The only evidence the defendants presented to support their claim of an oral modification was a bill showing that they had incurred

some expenses in improving the property. Those expenses, however, are consistent with the terms of the lease to the property at 416 Riverdale Avenue, which require the defendants to pay for repairs to the property and for expenses to keep it in compliance with all local, State, and Federal laws. Conduct which is consistent with the written agreement cannot form the basis of an estoppel or partial performance defense to avoid the requirements of the Statute of Frauds *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338, 344).

In the absence of any supporting evidence, there is no merit to the plaintiffs' contention that a security deposit on the property at 416 Riverdale Avenue, Yonkers, was not received since the lease covering that property specifically indicates otherwise. Therefore, the damages awarded to 416 Riverdale Corp. against the appellants must be reduced by the amount of that security deposit.

The plaintiffs' contention that the amount awarded in the judgment should be increased by 10% pursuant to a liquidated damages provision in each lease is not properly before this Court. The plaintiffs did not file a cross notice of appeal from the judgment so as to permit them to challenge the determination of the trial court that the liquidated damages provision in each lease constituted an impermissible penalty. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.