■ DEREK GIACOMONTONIO, an Infant, by His Mother and Natural Guardian, ANNA M. MEURER, et al., Respondents, v INCORPORATED VILLAGE OF VALLEY STREAM, Appellant, VALLEY STREAM, UNION FREE SCHOOL DISTRICT #30, Respondent, et al., Defendants. [639 NYS2d 715] —In an action to recover damages for personal injuries, etc., the defendant Incorporated Village of Valley Stream appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated November 10, 1994, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint and all cross claims insofar as they are asserted against the Incorporated Village of Valley Stream are dismissed.

The defendant Incorporated Village of Valley Stream (hereinafter the Village) met its initial burden of demonstrating that it lacked actual or constructive notice of an alleged defect located on the Valley Stream Village Green (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Gordon v American Museum of Natural History,* 67 NY2d 836; *Milea v Ames Dept. Store,* 219 AD2d 798; *Eaton v Pyramid Co.,* 216 AD2d 823; *cf., Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Grillo v New York City Tr. Auth.,* 214 AD2d 648). In opposing the motion, the plaintiffs failed to establish the existence of material questions of fact with respect to the Village's actual or constructive notice of the defect (*see, Piacquadio v Recine Realty Corp., supra*). Under these circumstances, the Village's cross motion for summary judgment should have been granted. Ritter, J. P., Thompson, Pizzuto and Hart, JJ., concur.