■ PIAZZA BROTHERS, INC., Appellant-Respondent, v POUND RIDGE BOARD OF FIRE COMMISSIONERS, Respondent-Appellant, et al., Defendants. [646 NYS2d 628] —In an action, inter alia, to foreclose a public mechanic's lien, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Fredman,

J.), entered April 20, 1995, which, after a hearing, determined that the defendant Pound Ridge Board of Fire Commissioners is entitled to $25,000 for attorneys' fees incurred in defense of this action, and (2) a judgment of the same court, entered May 8, 1995, which is in favor of the defendant Pound Ridge Board of Fire Commissioners and against the plaintiff in the principal sum of $25,000. The defendant Pound Ridge Board of Fire Commissioners cross-appeals, as limited by its brief, from so much of the same judgment as limited its award of attorneys' fees to $25,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The court granted the plaintiff's motion for discontinuance upon the condition that it pay the attorneys' fees of the defendant Pound Ridge Board of Fire Commissioners (hereinafter Pound Ridge) (*see,* CPLR 3217 [b]), Pound Ridge sought reimbursement for over $44,000 in legal expenses and costs allegedly incurred in defense of this action. The court, following a hearing, subsequently awarded Pound Ridge attorneys' fees in the sum of $25,000. Contrary to the contentions of both the plaintiff and Pound Ridge, we find that the award of attorneys' fees was proper. It is well settled that the award of reasonable attorneys' fees is a matter within the sound discretion of the hearing court (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Matter of Olesh v Auerbach,* 227 AD2d 406). Here, sufficient testimony was adduced at the hearing to allow the court to determine the actual sums expended by Pound Ridge for legal services, and to make an informed assessment of the reasonable value of the legal services rendered. Under these circumstances, we decline to disturb the court's attorneys' fees award.

The parties' remaining contentions are without merit. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.