■ PASCHAL OSTUNI et al., Respondents, v EAST ROCKAWAY VILLAGE TAVERN, INC., Sued Herein as EAST RIVER TAVERN, INC., Appellant, et al., Defendant. [657 NYS2d 954] —In an action to recover damages for personal injuries, etc., the defendant East Rockaway Village Tavern, Inc., s/h/a East River Tavern, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated June 25, 1996, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

While the plaintiff Paschal Ostuni was ascending a staircase from the basement level to the first floor of the East Rockaway Village Tavern, the staircase collapsed, causing Ostuni to fall and to sustain severe injuries.

The Supreme Court properly denied the motion of the defendant East Rockaway Village Tavern, Inc., sued herein as East River Tavern, Inc. (hereinafter the Tavern), for summary judgment since it failed to initially show, as a matter of law, that it lacked actual or constructive notice of the alleged hazardous condition (*see, Padula v Big V Supermarkets*, 173 AD2d 1094, 1095; *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 294-295; *see also, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Giacomontonio v Incorporated Vil. of Val. Stream*, 224 AD2d 580). Furthermore, there exist triable issues of fact as to whether the Tavern had exclusive control of the instrumentality in question and whether the doctrine of res ipsa loquitur is applicable (*see, e.g., Finocchio v Crest Hollow Club*, 184 AD2d 491).

The claim by the plaintiffs that the Supreme Court erred in granting the motion of the defendant Robert Edelman for summary judgment dismissing the complaint insofar as asserted against him is not properly before this Court for review since the plaintiffs did not cross-appeal. Brackon, J. P., Copertino, Santucci and McGinity, JJ., concur.