SECOND DEPARTMENT, JULY, 1997

(July 7, 1997)

■ STEVEN J. ANTLER et al., Respondents, v JAMAICA 163 LOCATION CORP., Appellant, and NORMAN RAPPAPORT, Respondent. [661 NYS2d 13] —In an interpleader action pursuant to CPLR 1006 (b), the defendant Jamaica 163 Location Corp. appeals (1) from a decision of the Supreme Court, Queens County (Milano, J.), dated March 21, 1997, which determined the

plaintiffs' motion, in effect, for summary judgment (a) declaring that the defendant Norman Rappaport was entitled to purchase certain property from the plaintiffs and (b) cancelling a notice of pendency, and (2), as limited by its brief, from so much of an order and judgment (one paper) of the same court, entered April 8, 1997, as (a) declared that the defendant Norman Rappaport was entitled to purchase the subject property, (b) declared that the appellant was not entitled to purchase the subject property, and (c) cancelled the appellant's notice of pendency.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

It is well settled that an option contained in a lease which entitles the lessee to purchase the leased premises is a covenant running with the land *(see, Rockland-Rockport Lime Co. v Leary,* 203 NY 469; *Gilbert v Van Kleeck,* 284 App Div 611, 617; 2 Rasch, New York Landlord and Tenant § 20:2, at 114 [3d ed]). In the absence of an express intent to the contrary in the lease, the option to purchase passes to the assignee upon assignment of the lease, and the assignee may enforce the option in the same manner and to the same extent as the original lessee *(see, Gilbert v Van Kleeck, supra,* at 617; 74 NY Jur 2d, Landlord and Tenant, § 632, at 608; *Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561). In the absence of any provision restricting assignment of the lease itself we agree with the Supreme Court that Norman Rappaport, as the assignee, became the "then owner and holder" of the lease pursuant to the option provision in the Lease Modification and Extension Agreement dated October 23, 1988. Accordingly, Rappaport was entitled to purchase the premises.

The appellant's contention that it would be inequitable to permit Rappaport to purchase the premises was not raised in the Supreme Court, and we decline to consider it *(see, Lavine v Lavine,* 127 AD2d 566, 567; *Berman v Hertz Corp.,* 127 AD2d 809, 810; *Fresh Pond Rd. Assocs. v Estate of Schacht, supra).* We have reviewed the appellant's remaining contentions, and find that they are without merit.

The issues raised by the plaintiffs, who did not cross-appeal from the judgment, are not properly before this Court *(see, Ostuni v East Riv. Tavern,* 238 AD2d 558; *310 S. Broadway Corp.*

*v Barrier Gas Serv.,* 224 AD2d 409). O'Brien, J. P., Sullivan, Altman and McGinity, JJ., concur.