■ THREE BROTHERS ROOFING CONTRACTORS, INC., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [703 NYS2d 237] —In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated October 27, 1998, as denied that branch of its cross motion which was to dismiss the second cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was to dismiss the second cause of action is granted, and the second cause of action is dismissed.

The plaintiff replaced the roofs on twenty buildings in a residential public housing project pursuant to a contract with the defendant. The second cause of action stated, *inter alia,* that the defendant breached its contract with the plaintiff by requiring the plaintiff to perform "extra and/or additional work" that was not required under the contract. In its answers to the defendant's interrogatories, the plaintiff stated that the "extra and/or additional work" referred to in the second cause of action related to the repair of blisters which had formed on the roofs. However, an addendum to the contract clearly required that the plaintiff repair such blisters. Accordingly, the plaintiff is not entitled to additional compensation for repairing the blisters since that work was required by the contract (*see, Naclerio Contr. Co. v Environmental Protection Admin.,* 113 AD2d 707, 710).

In any event, the contract required that any claim for compensation based on extra work must state the "nature and

amount of the extra cost or damages sustained and the basis of the Claim against the Authority". Notice and reporting provisions generally "require the contractor to promptly notice and document its claims" and are "conditions precedent to suit or recovery" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 30-31). Here, the plaintiff failed to document the basis of its claim for additional work in its notice of claim. Thus, for this reason as well, the plaintiff is not entitled to recover damages for the "extra and/or additional work" referred to in the second cause of action. O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.