■ Louis A. Ferreira, Doing Business as Ferreira Home Improvements, Respondent, v Rocco A. Saccento et al., Appellants. [729 NYS2d 178] —In an action to foreclose a mechanic's lien, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated February 27, 2001, as, upon the granting of that branch of their motion which was for summary judgment on their counterclaims and after an inquest on damages, awarded them only $4,500 on their counterclaim to recover damages for the plaintiff's breach of contract, $5,400 on their counterclaim to recover damages resulting from the plaintiff's willful exaggeration of the mechanic's lien, and $2,100 as a reasonable attorney's fee incurred in discharging the mechanic's lien.

Ordered that on the Court's own motion, the notice of appeal from a decision of the same court entered May 16, 2000, is deemed to be a premature notice of appeal from the order dated February 27, 2001 (*see,* CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contentions, the Supreme Court properly determined the damages awarded for breach of contract, willful exaggeration of the mechanic's lien, and a reasonable attorney's fee incurred in discharging the willfully-exaggerated mechanic's lien. In an action seeking damages for breach of a construction contract, the proper measure of damages is the "fair and reasonable market price for correcting the defective installation [or completing the construction]" (*Kaufman v Le Curt Constr. Corp.*, 196 AD2d 577, 578). The Supreme Court properly excluded from the measure of damages that portion of expenses incurred for work and/or materials which were not required under the contract. With regard to the willfully-exaggerated mechanic's lien, the defendants contend that the damages should be the amount by which the lien was overstated, an interpretation of Lien Law § 39-a which has

been expressly rejected by the Court of Appeals (*see, Goodman v Del-Sa-Co Foods,* 15 NY2d 191). The penalty to be imposed should be measured only by the amount found to have been willfully exaggerated (*see, Goodman v Del-Sa-Co Foods, supra,* at 194). Finally, the evidence adduced at the inquest on damages sufficiently supported the Supreme Court's determination as to the reasonable value of the legal services rendered (*see, Piazza Bros. v Pound Ridge Bd. of Fire Commrs.,* 230 AD2d 837, 838). Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.