RONALD PARR, Respondent, v RONKONKOMA REALTY VENTURE I, LP, et al., Appellants. [769 NYS2d 389]—

In an action, inter alia, for the imposition of constructive trusts and to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Lifson, J.), entered February 21, 2003, which denied their motion to vacate an amended notice of pendency.

Ordered that the order is affirmed, with costs.

The plaintiff instituted this action seeking the imposition of constructive trusts with respect to four parcels of real property, to obtain specific performance of a certain agreement, dated April 30, 1999, entered into between the plaintiff and the defendant Pitcairn-Properties, Inc. (hereinafter PPI), and to recover damages for breach of the agreement. The action concerns four parcels of real property, two of which are owned by the defendant Ronkonkoma Realty Venture I, LLC (hereinafter the Islip Properties) and two of which are owned by Ronkonkoma Realty Venture II, LLC (hereinafter the Brookhaven properties). In July 2002 during the pendency of this action, the plaintiff, and PPI and Ronkonkoma Realty Venture I, LLC, entered into a settlement agreement dismissing the action and vacating the notice of pendency as against the Islip Properties. The agreement provided that an amended notice of pendency would be filed against the Brookhaven properties in accordance with a form annexed as an exhibit to the agreement. The amended notice of pendency dated July 10, 2002, was filed against all the defendants and all of the defendants stipulated to discontinue the action with respect to the Islip properties.

Thereafter in October 2002 the defendants moved to vacate the amended notice of pendency, contending that the action did not affect title to or possession of real property. The Supreme Court denied the motion on the ground that the settlement

with respect to the Islip properties provided for the continuation of the notice of pendency as to the Brookhaven properties. We agree. Accordingly, we need not reach the question of whether the action affects title to or possession of real property.

The defendants' argument that the owner of the Brookhaven properties, Ronkonkoma Realty Venture II, LLC, is not bound by the partial settlement agreement because it was not a signatory to the settlement agreement is raised for the first time in briefs before this Court and therefore is unpreserved for appellate review. This issue is not a pure question of law and may involve such factual issues of whether the signatories acted with apparent authority to bind the other defendants and whether the nonsignatories ratified the terms of the agreement (see Suncoast Capital Corp. v Global Intellicom, 280 AD2d 281 [2001]).

The defendants' remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.