■ CAB ASSOCIATES, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 101711.) [789 NYS2d 311]—

In a claim to recover damages for breach of contract, the defendant appeals from an order of the Court of Claims (Collins, J.), dated June 3, 2003, which denied its motion for summary judgment dismissing the third, fourth, fifth, sixth, seventh, and eighth claims and, in effect, struck its first and second affirmative defenses for failure to comply with the pleading requirements of CPLR 3015 (a).

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, dismissing the defendant's first and second affirmative defenses; as so modified, the order is affirmed, without costs or disbursements.

The claimant failed to allege compliance with the condition precedent contained in the parties' contract. The defendant, in the first and second affirmative defenses asserted in its answer, denied such compliance with sufficient specificity and particularity to apprise the claimant of what it would have to establish at trial (*see* CPLR 3015 [a]; *Roel Partnership v Amwest Sur. Ins. Co.,* 258 AD2d 780 [1999]; *CNY Mech. Assoc. v Fidelity & Guar. Ins. Co.,* 212 AD2d 989 [1995]). Therefore, the Court of Claims improperly, in effect, struck those affirmative defenses.

However, the defendant's motion for summary judgment dismissing the third, fourth, fifth, sixth, seventh, and eighth claims was properly denied. The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The defendant failed to establish its entitlement to judgment as a matter of law that the additional costs which are the subject of the claims were subject to the dispute resolution procedure contained in the parties' contract (*cf. Rondout Elec. v Monroe-Woodbury Cent. School Dist.,* 1 AD3d 423; *Three Bros. Roofing Contrs. v New York City Hous. Auth.,* 269 AD2d 523 [2000]). Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.