■ PHYLLIS CARRILLO, Respondent, v PM REALTY GROUP et al., Appellants. [793 NYS2d 69]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 24, 2003, which granted the plaintiff's motion for leave to reargue and, upon reargument, denied their prior motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated May 22, 2003.

Ordered that the order is affirmed, with costs.

Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision (*see Long v Long,* 251 AD2d 631 [1998]; *Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410 [1985]). Here, the court providently exercised its discretion in granting reargument.

To prove a prima facie case of negligence, a plaintiff is required to show that the defendant either created the condition that caused the accident or had actual or constructive no-

tice thereof (*see Kucera v Waldbaums Supermarkets,* 304 AD2d 531 [2003]). A defendant seeking summary judgment dismissing the complaint based upon lack of notice must make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see Colon v Produce Warehouse Carle Place,* 303 AD2d 354 [2003]; *Goldin v Riker,* 273 AD2d 197 [2000]). Here, the defendants failed to prove that they lacked actual or constructive notice of the alleged dangerous condition upon which the plaintiff tripped and fell (*see Colon v Produce Warehouse Carle Place, supra; Gladstone v Burger King Corp.,* 261 AD2d 357 [1999]; *Ostuni v East Rockaway Vil. Tavern,* 238 AD2d 558 [1997]). Accordingly, the defendants' motion for summary judgment was properly denied.

The defendants' remaining contentions are raised for the first time on appeal and thus are not properly before this Court (*see DeLeon v New York City Tr. Auth.,* 5 AD3d 531 [2004]; *Engel v Jacobs,* 297 AD2d 657 [2002]). H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.