■ METROPOLIS A.C. CORP., Respondent, v NATIONAL ENVIRONMENTAL SAFETY COMPANY, INC., et al., Appellants, et al., De-

fendant. (And a Third-Party Action.) [829 NYS2d 614]—In an action, inter alia, to recover damages for breach of contract, the defendants National Environmental Safety Company, Inc., and American Guarantee & Liability Insurance Company appeal from (1) a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered May 18, 2005, which, upon a decision of the same court dated March 15, 2005, made after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $53,425.61, and (2) an order of the same court dated June 29, 2005, which denied the motion of the defendant National Environmental Safety Company, Inc., in effect, pursuant to CPLR 4404 (b), to modify the decision and set aside the judgment.

Ordered that the judgment and the order are affirmed, with one bill of costs.

After a nonjury trial, the trial court determined, inter alia, that the plaintiff, which was a subcontractor on a particular construction project, and which sought compensation for, inter alia, certain work that it performed in addition to the work that it was required to perform pursuant to the subcontract, was entitled to the sum of $53,425.61 for that extra work. Contrary to the appellants' contention, the trial court's determinations were not only supported by legally sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]), but were also "warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Tridee Assoc. v New York City School Constr. Auth.*, 292 AD2d 444, 445 [2002]; *Mel-Stu Constr. Corp. v Melwood Constr. Corp.*, 131 AD2d 823, 824 [1987]).

The appellants' remaining contentions are not properly before this Court (*see Parr v Ronkonkoma Realty Venture I*, 2 AD3d 820, 821 [2003]; *see also Roel Partnership v Amwest Sur. Ins. Co.*, 258 AD2d 780, 781 [1999]; *CNY Mech. Assoc. v Fidelity & Guar. Ins. Co.*, 212 AD2d 989, 990 [1995]; CPLR 3015 [a]), or are without merit.

The plaintiff's contention that the trial court also should have awarded it the difference between the amount that it was to receive for the work that it was required to perform pursuant to the subcontract and the amount that it received for that work is not properly before this Court, as the plaintiff did not cross-appeal from the judgment (*see Burger v Holzberg*, 290 AD2d 469, 471 [2002]; *Matter of O'Reilly v Nedelka*, 212 AD2d 714 [1995]). Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.