■ Seth J. Farber, Plaintiff, v HSBC Bank, USA, Defendant. (And a Third-Party Action.) (Action No. 1.) Seth J. Farber, Appellant, v J.P. Morgan Chase Bank, Defendant and Third-Party Plaintiff-Respondent. Greenberg, Trager & Herbst, LLP, Third-Party Defendant-Respondent. (Action No. 2.) [834 NYS2d 863]—

In related actions to recover the face value of a check paid without the plaintiff's endorsement, the plaintiff appeals (1) from a decision of the Supreme Court, Kings County (Demarest, J.), dated October 21, 2005, and (2), as limited by his brief, from so much of a resettled judgment of the same court entered March 3, 2006, as, after a nonjury trial, and upon the decision, is in favor of him and against J.P. Morgan Chase Bank in the principal sum of only $12,624.66.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the resettled judgment is modified, on the law, by adding a provision thereto awarding the plaintiff the principal sum of $56,026.70 against the defendant J.P. Morgan

Chase Bank; as so modified, the resettled judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appellant and Greenberg, Trager & Herbst, LLP, the third-party defendant in action No. 2 (hereinafter Greenberg), were co-payees on a particular check in the amount of $68,651.36. The proceeds of that check were paid to Greenberg, which endorsed the check and presented it to HSBC Bank, USA, the defendant in action No. 1 (hereinafter HSBC). HSBC, which was the depository bank, then received the funds from J.P. Morgan Chase Bank, the defendant third-party plaintiff in action No. 2 (hereinafter Chase), which was the drawee bank.

The appellant, who never endorsed the check, then commenced the instant actions against HSBC and Chase, respectively, seeking to recover the face value of the check. After a nonjury trial, the court, in a resettled judgment, inter alia, awarded the plaintiff the sum of $12,624.66, which reflected the face value of the check minus certain setoffs that it found Chase was entitled to. However, the evidence at the trial clearly showed that under the circumstances, Chase was not entitled to any setoffs (see UCC 3-419 [2]; *Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.*, 94 NY2d 398, 406-407 [2000]; *Mouradian v Astoria Fed. Sav. & Loan*, 91 NY2d 124, 128-129 [1997]). Accordingly, we modify the resettled judgment by adding a provision thereto in favor of the plaintiff and against Chase in the principal sum of $56,026.70 (i.e., $68,651.36 minus $12,624.66).

Chase's contention that the plaintiff was not entitled to any portion of the check's proceeds is not properly before this Court as Chase did not cross-appeal from the resettled judgment (see *Metropolis A.C. Corp. v National Envtl. Safety Co., Inc.*, 37 AD3d 431 [2007]). Florio, J.P., Covello, Angiolillo and Dickerson, JJ., concur.