■ LAURA CANDELA, Respondent, v BYRON CHEMICAL COMPANY, INC., Appellant, et al., Defendant. [863 NYS2d 230]—In an action, inter alia, to recover damages for breach of an employment contract and for a judgment declaring that paragraph 6 (a) of the employment contract between the plaintiff and the defendant Byron Chemical Company, Inc., required that defendant to pay the plaintiff annual bonus payments equal to 10% of its gross profits, the defendant Byron Chemical Company, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated October 12, 2006, as, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $4,006,279.

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that paragraph 6 (a) of the employment contract between the plaintiff and the defendant Byron Chemical Company, Inc., required that defendant to pay the plaintiff annual bonus payments equal to 10% of its gross profits; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [citations and internal quotation marks omitted]; see *Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.*, 40 AD3d 629 [2007]). There is no basis to disturb the Supreme Court's determination in this case that paragraph 6 (a) of the employment contract between the plaintiff and the defendant Byron Chemical Company, Inc. (hereinafter Byron), required Byron to pay the plaintiff annual bonus payments equal to 10% of its gross profits (as opposed to net profits).

Byron's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the Supreme Court, Nassau County, should have included in the judgment appealed from an appropriate declaration in favor of

the plaintiff (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.