█ J.D.M. IMPORTS CO., INC., Doing Business as INSTOCK PROGRAMS, Respondent, v MARVIN HARTSTEIN et al., Appellants. [913 NYS2d 197]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 2, 2009, after an inquest in an action for conversion, in favor of plaintiff and against defendants in the principal amount of $1,600,948.93, plus interest, costs and disbursements, unanimously modified, on the law, to reduce the principal amount of the award to $1,299,088.93, the matter remanded for recalculation of interest, and otherwise affirmed, without costs.

We reject defendants' contention that plaintiff was required to prove, at the inquest, the number of specifically identifiable pieces of its jewelry that were in the individual defendant's possession and the value of each specific piece. We note that defendants do not seek review of the prior order that granted plaintiff's motion for summary judgment on the issue of liability.

The court correctly found that plaintiff's computer database was a business record (*see Ed Guth Realty v Gingold*, 34 NY2d 440, 451 [1974]), and then properly admitted a printout from the database (*see People v Weinberg*, 183 AD2d 932, 933 [1992], *lv denied* 80 NY2d 977 [1992]; *see also Ed Guth Realty*, 34 NY2d at 452).

The court erred, however, in including plaintiff's profits in the damages for conversion (*see Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326 [1980]; *Long Playing Sessions v Deluxe Labs.*, 129 AD2d 539 [1987]). Plaintiff does not claim the converted items were irreplaceable (*cf. Fantis*, 49 NY2d at 326; *Barrington v Offenbach*, 163 NYS 423, 426 [1917]). Concur—Tom, J.P., Andrias, Saxe, Freedman and Manzanet-Daniels, JJ.