■ HARLEY LEWIN et al., Respondents, v HARMON LEVINE et al., Appellants. [44 NYS3d 540]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Adler, J.), dated February 5, 2015, which, after a nonjury trial on the issue of damages, in effect, directed the entry of a judgment in favor of the plaintiffs and against them in the principal sum of $300,500.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment dismissing the complaint; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs entered into a contract with the defendant Harmon Development Corp. (hereinafter Harmon Development) to renovate their home located in Chappaqua. The defendant Harmon Levine, as president of Harmon Development, executed the contract. The defendant Randy Levine is Harmon Levine's wife.

The plaintiffs alleged that after they made payments of

hundreds of thousands of dollars to the defendants under the contract, they became dissatisfied with the work, terminated Harmon Development's employment, and hired others to complete the project and remediate what they alleged to be improper and poor work. The plaintiffs commenced this action alleging causes of action sounding in breach of contract, conversion, and negligence.

In March 2014, the plaintiffs moved for summary judgment on the complaint. In an order dated September 3, 2014, the Supreme Court (Giacomo, J.) granted the motion to the extent of awarding the plaintiffs summary judgment on the issue of liability on their causes of action. The court noted that the plaintiffs sought the sum of $216,399.05 in damages in their complaint, yet in their motion sought the sum of $468,768.78. Thus, the court directed that a trial be conducted on the issue of damages.

A nonjury trial on the issue of damages was held in December 2014. In an order dated February 5, 2015, the Supreme Court (Adler, J.) determined that the plaintiffs were entitled to damages in the principal sum of $300,500, which represented the amount of money paid by the plaintiffs to the defendants pursuant to the contract. The court found that the plaintiffs failed to establish that they made payments to other contractors to remediate the work or to complete the project.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (*Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.*, 40 AD3d 629, 629 [2007]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Candela v Byron Chem. Co., Inc.*, 54 AD3d 306 [2008]).

It is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered, must demonstrate actual damages, and must lay a basis for a reasonable estimate of the extent of the harm (*see Berley Indus. v City of New York*, 45 NY2d 683, 686 [1978]; *RMP Capital Corp. v Victory Jet, LLC*, 139 AD3d 836, 838 [2016]; *G & A Moving & Stor. Co. v Computer Assoc. Intl.*, 233 AD2d 479, 479 [1996]).

Here, the Supreme Court erred in awarding damages equal to the monies paid by the plaintiffs to the defendants on the

contract. The proper measure of the plaintiffs' damages was the cost of completion of the construction work and the correction of defects in the defendants' work (*see Metropolitan Switch Bd. Mfg. Co., Inc. v B & G Elec. Contrs., Div. of B & G Indus., Inc.*, 96 AD3d 725, 726 [2012]; *Marino v Lewis*, 17 AD3d 325, 325-326 [2005]; *Ferreira v Saccento*, 286 AD2d 366 [2001]; *Kaufman v Le Curt Constr. Corp.*, 196 AD2d 577, 578 [1993]; *Lukoff v Sussex Downs*, 131 AD2d 442, 443 [1987]). Indeed, in their complaint, the plaintiffs stated that their damages on the breach of contract, negligence, and conversion causes of action were the "total sum" of $201,399.05, which was the cost "to repair the premises to the condition that was agreed upon" in the contract, and to "replace the damaged property and stolen property."

At trial, the plaintiffs failed to demonstrate what portion of the $300,500 they paid to the defendants was attributed to (1) work that was never done, and/or (2) defective work. The only testimony regarding these payments was simply the amount of the payments made under the contract. Such proof of payment to the defendants was inadequate to establish the plaintiffs' damages (*see Hodges v Cusanno*, 94 AD3d 1168, 1170 [2012]; *O'Malley v Campione*, 70 AD3d 595 [2010]; *Marino v Lewis*, 17 AD3d at 325-326; *Ferreira v Saccento*, 286 AD2d 366 [2001]; *Alpha Auto Brokers v Continental Ins. Co.*, 286 AD2d 309, 310 [2001]; *Wenger v Alidad*, 265 AD2d 322 [1999]; *Kaufman v Le Curt Constr. Corp.*, 196 AD2d at 578). Accordingly, the trial court's damages award was not warranted by the facts. Since the plaintiffs failed to demonstrate that they sustained actual damages, the complaint must be dismissed.

To the extent that the plaintiffs contend on appeal that the damages award was inadequate, such contention is not properly before this Court, as the plaintiffs did not appeal from the order (*see Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499 [2005]; *Metropolis A.C. Corp. v National Envtl. Safety Co., Inc.*, 37 AD3d 431, 432 [2007]; *310 S. Broadway Corp. v Barrier Gas Serv.*, 224 AD2d 409, 411 [1996]). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.