J.S. v P.B. (2019 NY Slip Op 07241)





J.S. v P.B.


2019 NY Slip Op 07241


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-08924
 (Index No. 53214/12)

[*1]J.S., plaintiff, 
v
P.B., respondent; Yonatan S. Levoritz, nonparty-appellant.


Law Office of Yonatan S. Levoritz, P.C., Brooklyn, NY (Michael Zappi of counsel), for nonparty-appellant.
Cox Padmore Skolnik & Shakarchy LLP, New York, NY (Natalia Gourari and Sanford Hausler of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, nonparty Yonatan S. Levoritz appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated June 27, 2016. The order, insofar as appealed from, denied those branches of the motion of nonparty Yonatan S. Levoritz which were for leave to withdraw as counsel for the plaintiff and for a common-law retaining lien, and granted that branch of the defendant's motion which was, in effect, to direct nonparty Yonatan S. Levoritz to provide copies of certain trial transcripts to the defendant's attorney and the attorney for the child.
ORDERED that on the Court's own motion, the notice of appeal dated August 11, 2016, is deemed to be a notice of appeal by nonparty Yonatan S. Levoritz (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action for a divorce and ancillary relief against the defendant in August 2012. In May 2016, the plaintiff's attorney, nonparty Yonatan S. Levoritz, moved, inter alia, for leave to withdraw as counsel for the plaintiff, contending that the plaintiff had failed to pay almost $230,000 in legal fees. In the motion, Levoritz also sought a common-law retaining lien.
In an order dated June 27, 2016, the Supreme Court, inter alia, denied those branches of Levoritz's motion which were for leave to withdraw as counsel and for a common-law retaining lien. The court also granted that branch of the defendant's motion which was, in effect, to direct Levoritz to provide copies of certain trial transcripts to the defendant's attorney and the attorney for the child. Levoritz appeals.
Contrary to Levoritz's contention, the Supreme Court did not improvidently exercise its discretion in denying that branch of his motion which was for leave to withdraw as counsel. "An attorney may withdraw from representing a client for good and sufficient cause" (Winters v Rise Steel Erection Corp., 231 AD2d 626, 626). "The decision to grant or deny permission for counsel to [*2]withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Cashdan v Cashdan, 243 AD2d 598, 598). Here, Levoritz moved for leave to withdraw as counsel at a point in the custody phase of the trial when the testimony had concluded, but the parties had yet to submit their written summations. Under these circumstances, the court's denial of that branch of his motion which was for leave to withdraw as counsel was not an improvident exercise of discretion (see Matter of Dylan Mc. [Michelle M. Mc.], 105 AD3d 1049; Matter of Khan v Dolly, 39 AD3d 649).
We agree with the Supreme Court's determination to deny that branch of Levoritz's motion which was for a common-law retaining lien, as he failed to establish that he was discharged without cause (see generally Maher v Quality Bus Serv., LLC, 144 AD3d 990, 991; Bing Hui Chen v Speedway Plumbing Corp., 138 AD3d 660, 660). Therefore, there is no merit to Levoritz's contention that, because he had a common-law retaining lien on the plaintiff's file, the court erred in granting that branch of the defendant's motion which was, in effect, to direct him to provide copies of trial transcripts to the defendant's attorney and the attorney for the child.
To the extent that Levoritz contends that the Supreme Court erred in awarding him a confession of judgment in an insufficient amount and in failing to include interest in the judgment, that contention is not properly before this Court, as Levoritz did not appeal from the order that awarded the confession of judgment (see CPLR 5515; Community W. Bank, N.A. v Stephen, 153 AD3d 899, 900; Lewin v Levine, 146 AD3d 768, 770).
Levoritz's remaining contentions are not properly before this Court.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court