Key Equity of N.Y., Inc. v Azzam (2022 NY Slip Op 04837)

Key Equity of N.Y., Inc. v Azzam

2022 NY Slip Op 04837

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

335 CA 21-00764

[*1]KEY EQUITY OF NEW YORK, INC., PLAINTIFF-APPELLANT,
v
AHMED AZZAM, AS TRUSTEE OF THE AZZAM FAMILY REVOCABLE TRUST, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

MICHAEL J. KAWA, SYRACUSE, FOR PLAINTIFF-APPELLANT.
LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered October 23, 2020. The order, insofar as appealed from, denied plaintiff's cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In October 2012, plaintiff entered into a lease agreement with nonparty Marwan Azzam for certain real property. The lease agreement included an option to purchase the property and provided, inter alia, that plaintiff could exercise the option within a certain time period by delivering written notice, using the methods set forth in the lease agreement, of its intention to do so. In November 2012, plaintiff executed an assignment agreement, which assigned "all of its right, title and interest in and to the [l]ease" to nonparty Key Convenient Mart, Inc. (Key Convenient), but which also included a clause specifically excluding the option to purchase. Marwan Azzam died in March 2016, and the ownership of the property was subsequently transferred by the executor of his estate, i.e., his wife, nonparty Noha Azzam, to defendant, Ahmed Azzam, as trustee of the Azzam Family Revocable Trust.
Plaintiff commenced the instant action alleging that, in May 2016, it duly and timely exercised its option to purchase the property by written notice to Noha Azzam, and seeking specific performance of the purchase option. After answering, but prior to the completion of discovery, defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment on the complaint. In appeal No. 1, plaintiff appeals from that part of an order that denied the cross motion. In appeal No. 2, plaintiff appeals from an order that denied its motion seeking leave to reargue and renew the cross motion.
Initially, we conclude that appeal No. 2 must be dismissed because, although plaintiff denominated its motion as one for leave to reargue and renew, the motion was actually one for leave to reargue only (see MidFirst Bank v Storto, 121 AD3d 1575, 1575 [4th Dept 2014]; Empire Ins. Co. v Food City, 167 AD2d 983, 983 [4th Dept 1990]), and it is well settled that no appeal lies from an order denying such a motion (see Matter of Kleinbach v Cullerton, 151 AD3d 1686, 1687 [4th Dept 2017]; Britt v Buffalo Mun. Hous. Auth., 115 AD3d 1252, 1252 [4th Dept 2014]).
With respect to appeal No. 1, we agree with plaintiff that Supreme Court erred insofar as it denied the cross motion on the ground that defendant should be afforded the opportunity for further discovery concerning whether plaintiff complied with the lease agreement's written notice requirement when it sought to exercise the purchase option. In support of its cross motion, [*2]plaintiff submitted the lease agreement, which provided that written notices may be delivered by, inter alia, "deposit[ ] in the United States Mail, Certified Mail, postage prepaid, return receipt requested." Plaintiff also submitted an affidavit from its president, who averred that he exercised the purchase option by mailing written notice to Noha Azzam by "certified mail, return receipt requested." Plaintiff further submitted a copy of the written notice and a copy of the certified mail receipt bearing Noha Azzam's signature. In light of those submissions, we conclude that plaintiff established that it complied with the lease's written notice requirement when seeking to exercise the option to purchase, and the burden then shifted to defendant to raise an issue of fact with respect to that issue (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In opposition, defendant failed to meet that burden. Defendant submitted the affidavit of Noha Azzam, who denied that she received plaintiff's notice in the mail. The mere denial of the receipt of the notice, however, was insufficient to overcome the presumption of delivery (see Engel v Lichterman, 62 NY2d 943, 944-945 [1984]; Dunlop v Saint Leo the Great R.C. Church, 109 AD3d 1120, 1121 [4th Dept 2013], lv denied 22 NY3d 858 [2013]). We further conclude that "defendant did not make the required showing that further discovery may raise a triable issue of fact" on that issue (LMK Psychological Servs., P.C. v Liberty Mut. Ins. Co., 30 AD3d 727, 729 [3d Dept 2006] [internal quotation marks omitted]; see Smith v Sfeir, 207 AD2d 1010, 1010 [4th Dept 1994]), inasmuch as mere speculation that Noha Azzam's signature on the certified mail receipt was not authentic is insufficient to raise a triable issue of fact (see generally Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2003]).
Nonetheless, we conclude that plaintiff's cross motion was properly denied because plaintiff's own submissions on the cross motion raise triable issues of fact whether plaintiff assigned the purchase option to Key Convenient pursuant to the assignment agreement. It is well settled that an option contained in a lease that entitles the lessee to purchase the leased premises is a covenant running with the land (see Jarecki v Shung Moo Louie, 95 NY2d 665, 669 [2001]; Gilbert v Van Kleeck, 284 App Div 611, 617 [3d Dept 1954], appeal dismissed 308 NY 882 [1955]). "In the absence of an express intent to the contrary in the lease, the option to purchase passes to the assignee upon assignment of the lease, and the assignee may enforce the option in the same manner and to the same extent as the original lessee" (Antler v Jamaica 163 Location Corp., 241 AD2d 437, 438 [2d Dept 1997]). In support of the cross motion, plaintiff submitted the assignment agreement, which contains conflicting provisions whether the option to purchase was made part of the assignment and, therefore, triable issues of fact exist that warranted the court's denial of plaintiff's cross motion (see generally Arrow Communication Labs. v Pico Prods., 206 AD2d 922, 923 [4th Dept 1994]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court