■ SUNCOAST CAPITAL CORP., Respondent, v GLOBAL INTELLICOM, INC., et al., Defendants, and DAVID MORTMAN et al., Appellants. [719 NYS2d 652] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered on or about July 13, 2000, in favor of plaintiff and against the corporate defendant and the individual defendants-appellants, and bringing up for review an order entered June 5, 2000, as amended by an order entered June 30, 2000, which granted plaintiff's motion to confirm a Special Referee's report recommending that a stipulation of settlement be enforced not only against the corporate defendant but also against the individual defendants-appellants, unanimously affirmed, with costs.

The apparent authority of the corporate defendant's Vice President/General Counsel to sign the subject stipulation on behalf of the individual defendants has ample support in the record. Since the individual defendants appeared in the action by the same attorney as the corporate defendant, plaintiff's attorney could reasonably believe (*see*, *Hallock v State of New York*, 64 NY2d 224, 231), when that attorney referred him to General Counsel for purposes of negotiating a settlement, that the individual defendants were continuing to act in concert with the corporate defendant for purposes of the negotiations. That belief could only have been reinforced by plaintiff's attorney's knowledge that all of the individual defendants were officers and directors of the corporate defendant, and thus knew of, and indeed would have authorized, any settlement negotiations. Such belief was certainly reinforced when General Counsel signed the stipulation in a manner that could be reasonably understood as indicating that he was doing so not only on behalf of the corporate defendant but also the individual defendants. General Counsel never advised plaintiff's attorney that he was acting only on behalf of the corporate defendant. Nor did the attorney who appeared on behalf of defendants, and who the individual defendants claim continued to represent them at all relevant times, renounce the stipulation on which his clients' names appeared, seemingly as signatories, when a copy was faxed to him immediately upon its execution. Indeed, it was not until six months later, in opposition to plaintiff's motion to enforce the stipulation, that the individual defendants first advised plaintiff that they were not party to the stipulation. Such silence constituted a ratification of the

authority of the General Counsel (*see, 1420 Concourse Corp. v Cruz*, 175 AD2d 747, 749-750). Concur—Sullivan, P. J., Nardelli, Williams, Tom and Friedman, JJ.