17-88-cv
*Cammeby's Management Co. v. Alliant Insurance Services, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges,*
            RICHARD W. GOLDBERG,
                    *Judge.*[*]

------

CAMMEBY'S MANAGEMENT COMPANY, LLC,
1-10 BUSH TERMINAL OWNER LP, as Successor in
Interest to 1-10 Industry City Associates, LLC,
19-20 BUSH TERMINAL OWNER LP, as Successor in
Interest to 19-20 Industry Associates, LLC,

              *Plaintiffs-Appellees,*                          17-88-cv

                    v.

ALLIANT INSURANCE SERVICES, INC.,

              *Defendant-Appellant.*[†]

------

[*] Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as shown above.

1

**FOR PLAINTIFFS-APPELLEES:**        DENNIS T. D'ANTONIO (Joshua L. Mallin, *on the brief*), Weg & Myers, P.C., New York, NY.

**FOR DEFENDANT-APPELLANT:**      RICHARD A. SIMPSON (Kimberly A. Ashmore, Bonnie T. Wise, Wiley Rein LLP, Washington, DC, Paul Kovner, Rubin Fiorella & Friedman LLP, New York, NY, *on the brief*), Wiley Rein LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 20, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Alliant Insurance Services, Inc. ("Alliant") appeals the June 20, 2016 judgment of the District Court. This appeal follows two jury trials, both resulting in verdicts in favor of plaintiffs-appellees Cammeby's Management Company, LLC, 1-10 Bush Terminal Owner, LP (as successor in interest to 1-10 Industry Associates, LLC), and 19-20 Bush Terminal Owner, LP (as successor in interest to 19-20 Industry Associates, LLC) (jointly, "Cammeby's"). On appeal, Alliant argues that the District Court: (1) abused its discretion by denying Alliant's motion for judgment as a matter of law; (2) abused its discretion by only allowing a partial retrial; (3) gave erroneous and prejudicial jury instructions; and (4) made an erroneous ruling during summation. Upon review, we conclude that these arguments are without merit, and affirm the District Court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

This case pits plaintiffs-appellees Cammeby's against their insurance broker, defendant-appellant Alliant. Cammeby's owns and manages a portfolio of properties in "Industry City," in Brooklyn, New York, that flooded in 2012 during Hurricane Sandy. That flood resulted in more than $30 million in damages. A jury determined that the insurance policy that Cammeby's purchased to protect its properties limited the amount of flood coverage (the "flood sublimit") to $10 million—a finding not appealed here. The jury also found that Alliant negligently reduced the flood sublimit from $30 million to $10 million, rendering Alliant liable for the difference. The instant appeal concerns the latter finding of Alliant's negligence.

The parties largely agree on what occurred. In spring 2011, Alliant acted as Cammeby's insurance broker to solicit quotes from various insurance companies and negotiate coverage for

2

Cammeby's property portfolio. After Alliant negotiated for various terms of coverage on Cammeby's behalf, Cammeby's authorized Alliant to request that Affiliated FM Insurance Company ("Affiliated FM") issue a policy to insure the Industry City properties.[1] Initially, the policy contained a flood sublimit of $10 million and went into effect on June 30, 2011.

The following day, on July 1, 2011, Cammeby's insurance consultant, Stephen Gerber, emailed Alliant to inquire into increasing the flood sublimit to $30 million. The parties agree that Alliant solicited a quote from Affiliated FM, Cammeby's accepted it, and Affiliated FM issued a new policy reflecting the $30 million sublimit. But with the increase in the flood sublimit went an increase in premiums, and some managers of the properties balked. So, on July 26, 2011, Cammeby's Gerber emailed Alliant about decreasing the flood sublimit back to $10 million.

Alliant responded to Gerber that the flood sublimit *could* be reduced, but the parties did not memorialize in writing that the flood sublimit *would* be reduced. Cammeby's argues that this is because there was no agreement; no authorized person at Cammeby's ever accepted the offer to reduce the sublimit. Alliant, on the other hand, contends that Cammeby's Vice President, Eli Schron, verbally accepted the offer at a meeting with Alliant on July 27, 2011. And, in the alternative, Alliant argues that Cammeby's ratified the agreement when Cammeby's received a premium reduction and a pro rata refund of $121,815 for premiums already paid.

The District Court held two trials. The first lasted eight days, and resulted in a verdict in favor of Cammeby's. As relevant here, the jury found that: (1) the flood sublimit had been reduced to $10 million; and (2) Alliant acted negligently when it reduced the flood sublimit.

Alliant then moved for a new trial, arguing that the verdict went against the weight of the evidence, and that the District Court had given an erroneous instruction on the ratification defense. The District Court rejected the first argument, but agreed that the jury instruction "erroneously suggested that silence or acquiescence would be insufficient for ratification." App'x at 214. Accordingly, it "grant[ed] Alliant's motion for a new trial of Cammeby's negligence claim and Alliant's ratification defense." App'x at 216.

At the opening of the second trial, the District Court clarified that it would be holding a partial retrial solely on the issue of ratification. After a seven-day trial, the jury once again returned a verdict in Cammeby's favor, finding that Cammeby's did not ratify the flood sublimit reduction.

Following the second trial, Alliant moved for a judgment as a matter of law or, in the alternative, a new trial. On December 27, 2016, the District Court denied the motions. It concluded

---

[1] Affiliated FM was a co-defendant in the District Court litigation, but is not a party to this appeal.

that Alliant "still ha[d] not presented evidence that would justify overturning the jury's assessment of witness credibility and consideration of the weight of the evidence." App'x at 1606.

This appeal followed.

## STANDARD OF REVIEW

This Court reviews *de novo* a district court's denial of a Rule 50 motion for judgment as a matter of law. *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010). We may only grant the motion if "the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in [the opposing party's] favor." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998). In so doing, we "'must give deference to all credibility determinations and reasonable inferences of the jury,' and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 51 (2d Cir. 2000) (quoting *Galdieri-Ambrosini*, 136 F.3d at 289).

We review a district court's denial of a Rule 59 motion for a new trial for abuse of discretion. *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128 (2d Cir. 2012). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Chin v. Port Auth. of NY & NJ*, 685 F.3d 135, 146 (2d Cir. 2012) (internal quotation marks omitted).

Finally, a claim of error in jury instructions is reviewed *de novo*, and we will "revers[e] only where, viewing the charge as a whole, there was a prejudicial error." *Terra Firma Investments (GP) 2 Ltd. v. Citigroup Inc.*, 716 F.3d 296, 299 (2d Cir. 2013) (internal quotation marks omitted).

## DISCUSSION

### I. Alliant's Motion for Judgment as a Matter of Law on Ratification Defense

Alliant first argues that the District Court erred in denying its Rule 50 motion for judgment as a matter of law on the ratification defense because the documentary evidence proves that Cammeby's knew about and approved the reduction in the flood policy limit. We disagree. Viewing all evidence in the light most favorable to Cammeby's, we conclude that a reasonable juror could find that Cammeby's lacked either the knowledge or intent necessary to ratify the policy limit reduction. *See Galdieri-Ambrosini*, 136 F.3d at 289.

Under New York law, "ratification requires full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language." *DiPizio Const. Co. v. Erie Canal Harbor Dev. Corp.*, 23 N.Y.S.3d 762, 764 (4th Dep't 2015) (internal quotation marks omitted); *see also In re Adelphia Recovery Tr.*, 634 F.3d 678,

4

691 (2d Cir. 2011) ("Ratification is the act of knowingly giving sanction or affirmance to an act which would otherwise be unauthorized and not binding."). Acquiescence or silence, however, can indeed give rise to an inference of ratification. *Suncoast Capital Corp. v. Glob. Intellicom, Inc.*, 719 N.Y.S.2d 652, 653 (1st Dep't 2001); *see also In re Adelphia Recovery Tr.*, 634 F.3d at 691–92.

Alliant argues that a handful of emails sent in the days immediately following the policy reduction on July 27, 2011 irrefutably establish that Cammeby's vice president, Eli Schron, knew and approved of the reduction. Alliant stakes its case, in particular, on two emails sent on August 5, 2011. In the first, Schron stated that, "We have 10mm of flood coverage." Appellant's Br. at 23. In the second, Schron's assistant informed Schron that she was told Cammeby's had "$10MM flood coverage, $500,000 deductible." *Id.* at 27.

To be sure, both these emails tend to support Alliant's argument that in August 2011 Cammeby's knew and approved of the late-July 2011 flood sublimit reduction. But these emails were not the only evidence presented to the jury. During the seven-day trial, the jury heard seven witnesses testify and considered dozens of exhibits. These exhibits included an email that Alliant sent to Cammeby's after Hurricane Sandy informing Cammeby's that the flood sublimit was $30 million. Cammeby's also presented an endorsement amending the Affiliated FM policy, which indicated that the flood sublimit was $30 million. Based on these exhibits alone, a reasonable jury could conclude that Cammeby's did not ratify the reduction because Cammeby's thought the policy had a $30 million sublimit.

That conclusion was also corroborated by the testimony of Cammeby's witnesses. For example, Cammeby's insurance consultant, Stephen Gerber, testified that he never approved the reduction and he thought that the flood sublimit remained $30 million because the copy of the policy that Gerber received in the mail on August 2, 2011 indicated that the flood sublimit was $30 million. Eli Schron further testified that he believed Cammeby's had $30 million in flood coverage. And Schron's assistant testified that Schron at times failed to read and respond to emails, which supports Cammeby's argument that Schron had not followed the email traffic concerning the possible reduction.

Alliant asks us to disregard this testimony as self-serving and implausible. We decline to do so. "Where there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). Only in "exceptional circumstances," such as where testimony is "patently incredible or defies physical realities," may we "intrude upon the jury function of credibility assessment." *United States v. Bell*, 584 F.3d 478, 485 (2d Cir. 2009) (internal quotation marks and emphases omitted). Simply put, there is nothing incredible about the testimony of Cammeby's witnesses—testimony corroborated by documentary evidence—that would justify displacing the jury's credibility determinations.

Finally, Alliant argues that Cammeby's ratified the policy reduction when it accepted the reduced premiums. But ratification requires knowledge, and, as discussed, a reasonable jury could find that Cammeby's did not have the requisite knowledge of the reduction.

In sum, we affirm the District Court's denial of Alliant's motion for judgment as a matter of law on its ratification defense.

## II.    The District Court's Decision to Limit the Retrial to Ratification

Alliant next challenges the District Court's decision to limit retrial to the issue of ratification. According to Alliant, the factual questions involved in the negligence and ratification issues are so interwoven that the partial retrial could not be had without injustice. We find this argument to be unpersuasive.

Where a jury has reached a verdict on one issue of fact, the Seventh Amendment "does not compel a new trial of that issue even though another and separable issue must be tried again." *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499 (1931); *see also Crane v. Consol. Rail Corp.*, 731 F.2d 1042, 1050 (2d Cir. 1984) ("[E]rror with respect to one issue will ordinarily not constitute reason to retry an issue that was separately determined."). That said, "a partial new trial 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Bohack Corp. v. Iowa Beef Processors, Inc.*, 715 F.2d 703, 709 (2d Cir. 1983) (quoting *Gasoline Products Co.*, 283 U.S. at 500).

In our view, the negligence and ratification issues are clearly separable. Ratification is a party's affirmance of an *earlier* act that did not bind it at the time. *See, e.g.*, *Rocky Point Properties, Inc. v. Sear-Brown Grp., Inc.*, 744 N.Y.S.2d 269, 271 (4th Dep't 2002) ("Ratification is the express or implied adoption of the acts of another by one for whom the other assumes to be acting, but without authority and it *relates back and supplies original authority* to execute an agreement." (internal quotation marks and alterations omitted) (emphasis added)). The question of whether Cammeby's ratified the policy reduction would therefore only arise if Alliant had reduced the policy limit earlier. Duly authorized actions are not "ratified" after the fact.

The jury instructions at both trials embodied this distinction. At the first trial, Instruction No. 10 addressed Alliant's negligence; Instruction No. 11, Cammeby's ratification. App'x at 167–68. Not only were the instructions sequential, they made clear that the defense of ratification is predicated on Alliant's previously acting without Cammeby's authorization. *Id.* at 167 ("If you find that the Plaintiffs have proved [that Alliant was negligent,] . . . you must find Alliant liable for negligence, *unless* you find Alliant has proved, as a defense, that Cammeby's 'ratified' Alliant's mistakes. *We therefore turn to that defense of ratification.*" (latter emphasis added)). The District Court's jury instructions at the second trial reiterated this principle. *Id.* at 1581 ("[A]s a result of . . . negligence on Alliant's part, the policy coverage was reduced to $10 million. . . . But Alliant claims

6

that *Cammeby's thereafter 'ratified'* the reduction, that is, Cammeby's either expressly or implicitly approved the reduction." (emphasis added)).

Accordingly, we conclude that the negligence and ratification issues could be tried separately and without injustice, and the District Court did not abuse its discretion in granting a partial retrial.

## III. The Jury Instruction at the Second Trial and the Summation Ruling

Finally, Alliant asserts that the District Court improperly instructed the second jury that Alliant's negligence caused Cammeby's damages, and also allowed Cammeby's to argue at summation that Alliant's negligence was the proximate cause of Cammeby's damages. These arguments rest on the assumption that the first jury did not necessarily find that Alliant's negligence caused Cammeby's damages. That assumption is wrong. At the first trial, the District Court expressly instructed the jury that it could only find Alliant liable if Cammeby's proved "(a) that Alliant was negligent . . . , *and (b) that, as a result, the coverage limit was wrongly reduced from $30 million to $10 million . . . .*" App'x at 167 (emphasis added). We therefore conclude that these arguments are meritless.

## CONCLUSION

We have reviewed all of the arguments raised by Alliant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 20, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7