■ KEITH BIERMAN, Appellant-Respondent, v ROSEMARIE LIMONCELLI, Respondent-Appellant. [972 NYS2d 584]—

In an action, inter alia, to set aside an agreement, stipulations of discontinuance, and a deed executed pursuant to said agreement, and for the return of an engagement ring, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered July 24, 2012, as granted those branches of the defendant's motion which were to dismiss the complaint and vacate a notice of pendency and, sua sponte, imposed a sanction against him in the sum of $1,000, and the defendant cross-appeals from so much of the same order as denied those branches of her motion which were for an award of an attorney's fee and for an order referring the plaintiff and his counsel to the Nassau County District Attorney's office for prosecution.

Ordered that the notice of appeal from that portion of the order which, sua sponte, imposed a sanction against the plaintiff in the sum of $1,000 is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]), and is further,

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the fifth cause of action, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof imposing a sanction against the plaintiff in the sum of $1,000; as so modified, the order is affirmed insofar as appealed and cross appealed from, without costs or disbursements.

The parties to this action were involved in a romantic relationship with one another. When that relationship ended, each commenced actions against the other. Thereafter, however, the parties reconciled and entered into an agreement, dated June 28, 2011, to discontinue those actions. As part of that agreement, the plaintiff deeded his interest in certain real property, which the parties had held as joint tenants, solely to the defendant. Subsequently, the parties again ended their relationship and the plaintiff moved to vacate the previously executed stipulations of discontinuance and to set aside the deed transferring his interest in the subject real property to the defendant. The defendant cross-moved, inter alia, to vacate a notice of pendency that the plaintiff had filed against the subject real property. In an order dated December 16, 2011, the Supreme Court denied the plaintiff's motion to vacate the stipulations of discontinuance and to set aside the deed, holding that, since the prior actions terminated with the filing of stipulations of discontinuance, the plaintiff could only seek such relief in a plenary action. The court also granted the defendant's motion to vacate the notice of pendency, since the actions concerning the subject real property had been discontinued.

Six days later, the plaintiff commenced this action against the defendant, inter alia, to set aside the agreement, vacate the stipulations of discontinuance entered in the previous actions, and to set aside the deed. He also filed a new notice of pendency. In the order appealed from, the Supreme Court granted the defendant's motion to dismiss the complaint and to vacate the notice of pendency. The court also, sua sponte, imposed a sanction against the plaintiff in the sum of $1,000, finding that he was contumaciously seeking the same relief which had just been denied. Finally, the court denied those branches of the defendant's motion which were for an award of an attorney's fee and for an order referring the plaintiff and his counsel to the Nassau County District Attorney's office for prosecution.

The plaintiff did not set forth any valid grounds for rescinding the June 28, 2011, agreement between the parties. Therefore the first, second, and third causes of action in the complaint, seeking to invalidate the agreement and its provisions, were properly dismissed, and the notice of pendency filed against the real property was properly canceled (see Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]; Roney v Janis, 53 NY2d 1025 [1981]). In addition, the fourth cause of action, sounding in unjust enrichment, was properly dismissed (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]; Samiento v World Yacht Inc., 10 NY3d 70, 80 [2008]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).

However, the fifth cause of action in the complaint, seeking the return of a ring given by the plaintiff to the defendant, or the value thereof, on the ground that it was given in contemplation of a marriage that did not occur, is viable (*see* Civil Rights Law § 80-b). Further, this claim was not resolved by the June 28, 2011 agreement. Accordingly, the fifth cause of action should not have been dismissed.

We reject the defendant's contention on the cross appeal that she established her entitlement to an award of an attorney's fee from the plaintiff. Moreover, we disagree with the defendant's characterization of this action as one for breach of a promise to marry, which is precluded by Civil Rights Law § 80-a. We decline to refer the plaintiff and his counsel to the District Attorney for prosecution pursuant to the Civil Rights Law.

Finally, we note that this action was commenced after the Supreme Court concluded, in the order dated December 16, 2011, that the plaintiff had to seek his relief via a plenary action. Given this circumstance, the sua sponte imposition of a sanction in the sum of $1,000, payable to the Lawyers' Fund for Client Protection, for commencing such plenary action was an improvident exercise of discretion. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.