Colon v Porsche of Roslyn (2018 NY Slip Op 05821)





Colon v Porsche of Roslyn


2018 NY Slip Op 05821


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2015-11428
 (Index No. 5094/13)

[*1]Norman R. Colon, appellant, 
v
Porsche of Roslyn, defendant, Porsche Leasing, Ltd., et al., respondents.


Norman R. Colon (Ben Lyhovsky, Brooklyn, NY, of counsel), appellant pro se.
Hogan Lovells US LLP, New York, NY (John J. Sullivan and Benjamin P. Jacobs of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of article 9-A of the Personal Property Law, the plaintiff appeals from an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), entered October 1, 2015. The order, insofar as appealed from, granted the motion of the defendants Porsche Leasing, Ltd., and Porsche Financial Services, Inc., in effect, for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff leased a vehicle from the defendant Porsche of Roslyn and thereafter defaulted in making his lease payments. As a result, the defendant Porsche Financial Services, Inc. (hereinafter Porsche Financial), sent the plaintiff notice that he had, in effect, 12 days to cure his default. The lease was reinstated 34 days later upon the plaintiff remitting his late payments. When the plaintiff again defaulted in making lease payments, however, the vehicle was repossessed and sold.
The plaintiff commenced this action against, inter alia, Porsche Financial and the defendant Porsche Leasing, Ltd. (hereinafter Porsche Leasing). The plaintiff alleged, among other things, that those defendants violated certain provisions of article 9-A of the Personal Property Law, pertaining to leasing of motor vehicles. Porsche Leasing and Porsche Financial, in effect, moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
Contrary to the plaintiff's contention, the moving defendants demonstrated, prima facie, that they did not violate Personal Property Law §§ 337(5)(i) or 339. The moving defendants established that the plaintiff was permitted a period in excess of the required 25 days to cure his initial default and reinstate the agreement, despite an erroneous cure date listed in the notice of default (see Personal Property Law §§ 337[5][i]; 339; cf. G. B. Kent & Sons v Helena Rubinstein, Inc ., 47 NY2d 561, 563; Yarmy v Conte , 128 AD2d 611). Upon the plaintiff's subsequent default, the moving defendants were not required, under the lease agreement, to afford him another opportunity to reinstate the agreement (see Personal Property Law § 337[5][i]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the moving defendants' motion, in effect, for summary judgment dismissing the amended complaint insofar as asserted against them.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court