Spilman v Matyas (2023 NY Slip Op 00344)

Spilman v Matyas

2023 NY Slip Op 00344

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-13587
 (Index No. 515144/17)

[*1]Sheya Spilman, respondent,
v
Yoel Dovid Matyas, appellant.

Marcus & Zelman, LLC, Pomona, NY (Yitzchak Zelman of counsel), for appellant.
Jacobowitz Newman Tversky LLP, Cedarhurst, NY (Abraham S. Beinhorn, Evan M. Newman, and Nathan Cohen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated October 30, 2019. The judgment, upon an order of the same court dated October 17, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging breach of contract and on the issue of damages to the extent of awarding the plaintiff the principal sum of $68,580 and prejudgment interest in the sum of $30,861, is in favor of the plaintiff and against the defendant in the total sum of $101,077.62.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the issue of damages is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. Following the completion of discovery, the plaintiff moved for summary judgment on the amended complaint. In an order dated October 17, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the breach of contract cause of action and on the issue of damages to the extent of awarding the plaintiff the principal sum of $68,580 and prejudgment interest in the sum of $30,861. The court thereafter issued a judgment, upon the order, awarding the plaintiff the total sum of $101,077.62. The defendant appeals, contending that there were issues of fact on the issue of damages.
"A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Walker v Ryder Truck Rental & Leasing, 206 AD3d 1036, 1037-1038 [internal quotation marks omitted]). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (id. at 1038 [internal quotation marks omitted]).
Here, the plaintiff failed to submit competent evidence establishing the exact amount [*2]of damages that he sustained as a result of defendant's breaches of the parties' agreements, and "the record does not permit precise determination of the amount of the money judgment to which the plaintiff is entitled, including a calculation of prejudgment interest" (8109 Pizzeria of N.Y., Inc. v Polo Pizza One Corp., 67 AD3d 627, 629).
Since there are triable issues of fact with respect to the amount of the plaintiff's damages, the Supreme Court should not have granted that branch of the plaintiff's motion which was for summary judgment on the issue of damages (see Walker v Kramer, 162 AD3d 827, 830).
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court