Ben Ciccone, Inc. v Naber Elec. Corp. (2023 NY Slip Op 01656)

Ben Ciccone, Inc. v Naber Elec. Corp.

2023 NY Slip Op 01656

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2019-13887
 (Index No. 52604/17)

[*1]Ben Ciccone, Inc., respondent, 
v
Naber Electric Corp., appellant.

Munzer & Saunders, LLP, New York, NY (Craig A. Saunders of counsel), for appellant.
Steinvurzel & Levy Law Group, White Plains, NY (Ronald Steinvurzel of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Maria G. Rosa, J.), entered October 28, 2019. The judgment, upon an order of the same court dated April 11, 2019, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract and denying the defendant's cross-motion for leave to amend its answer and for summary judgment dismissing the complaint, is in favor of the plaintiff and against the defendant in the total sum of $83,032.92.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the issue of damages on the cause of action alleging breach of contract is denied, and the order is modified accordingly.
In June 2016, the New York State Thruway Authority (hereinafter NYSTA) retained the plaintiff to perform construction work that included upgrading the fire vault at the Ardsley Service Area in the Town of Greenburgh. Pursuant to an agreement dated June 9, 2016, the plaintiff hired the defendant to perform the electrical work required for the project. After the defendant completed its work, NYSTA inspected the electrical work and found it to be deficient. The defendant refused to correct the deficiencies, and the plaintiff hired a replacement subcontractor to correct the defendant's work, which caused the plaintiff to incur additional costs.
In October 2017, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The plaintiff moved, among other things, for summary judgment on the breach of contract cause of action. The defendant cross-moved for leave to amend its answer to assert an affirmative defense of mutual mistake and for summary judgment dismissing the complaint based upon that affirmative defense. In an order dated April 11, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the breach of contract cause of action and denied the defendant's cross-motion. On October 28, 2019, the court entered a judgment upon the order in favor of the plaintiff and against the defendant in the total sum of $83,032.92. The defendant appeals.
To recover damages for breach of contract, a plaintiff must demonstrate "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Legum v Russo, 133 AD3d 638, 639; see Dean Bldrs. Group, P.C. v M.B. Din Constr., Inc., 186 AD3d 1612, 1614). Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the issue of liability on the breach of contract cause of action. The plaintiff submitted evidence demonstrating that the defendant breached the agreement by not following the specifications provided by NYSTA. In opposition, the defendant failed to raise a triable issue of fact as to liability (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the breach of contract cause of action.
The Supreme Court erred, however, in granting that branch of the plaintiff's motion which was for summary judgment on the issue of damages on the breach of contract cause of action. "In an action seeking damages for breach of a construction contract, the proper measure of damages is the fair and reasonable market price for correcting the defective installation" (Ferreira v Saccento, 286 AD2d 366, 366 [internal quotation marks omitted]; see Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 261-262; Caggianelli v Sontheimer, 46 AD3d 1206, 1207). Here, the plaintiff failed to establish, prima facie, that the costs it incurred in correcting the defective work were fair and reasonable (see Kaufman v Le Curt Constr. Corp., 196 AD2d 577, 578). Accordingly, the court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of damages on the breach of contract cause of action.
The parties' remaining contentions, including the defendant's contention that the Supreme Court should have granted its cross-motion for leave to amend its answer and for summary judgment dismissing the complaint, are without merit.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court