249-251 Brighton Beach Ave., LLC v 249 Brighton Corp. (2023 NY Slip Op 03321)

249-251 Brighton Beach Ave., LLC v 249 Brighton Corp.

2023 NY Slip Op 03321

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-02077
 (Index No. 516627/16)

[*1]249-251 Brighton Beach Ave., LLC, appellant,
v
249 Brighton Corp., et al., respondents, et al., defendant.

Melvin B. Berfond, New York, NY (Michael F. Konopka of counsel), for appellant.
Thomas Torto, New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated January 2, 2020. The order, insofar as appealed from, granted the motion of the defendants 249 Brighton Corp., Bobby Rakhman, as administrator of the estate of Mara Rakhman, also known as Mark Rakhman, Fira Roytkov, and Bianca Vinokurov, as administrator of the estate of Sofia Vinokurov, for summary judgment dismissing the complaint and to cancel the notice of pendency filed by the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Three siblings, Fira Roytkov, Mark Rakhman, and Sofia Vinokurov (hereinafter collectively the siblings), owned 100% of the stock in 249 Brighton Corp. (hereinafter 249 Brighton). 249 Brighton owned five properties in the Brighton Beach neighborhood of Brooklyn (hereinafter the properties). On August 14, 2012, the plaintiff agreed to purchase all of the siblings' shares of stock in 249 Brighton by way of a stock purchase agreement (hereinafter the SPA). Among other terms, the parties agreed that they would finalize the purchase and sale of the stock at a closing to be held on September 17, 2012, or any later date agreed upon by the parties. The SPA permitted the plaintiff and the siblings, as a collective, to terminate their rights and obligations thereunder by notice given prior to or at the closing, inter alia, based upon a material breach by the other party. The parties thereafter agreed to adjourn the September 17, 2012 closing date.
On July 11, 2013, the parties executed an amendment to the SPA (hereinafter the amendment). At that time, there were multiple tax liens on the properties. In the amendment, the parties agreed that the siblings were "responsible for the payment of," among other things, real estate taxes that had accrued on the properties prior to August 1, 2012, whereas the plaintiff was responsible for real estate taxes that accrued on and after that date. The plaintiff was also required to enter into an installment agreement with the New York City Department of Finance (hereinafter the DOF) relating to the tax arrears on the properties and to produce that agreement at the closing, which was to be held on October 15, 2013. However, once again, the closing did not proceed as scheduled, and the parties agreed to adjourn the closing without a new date.
By letter dated December 4, 2014 (hereinafter the December 2014 letter), the siblings and 249 Brighton notified the plaintiff that the plaintiff was purportedly in default of its obligations under the SPA for multiple reasons, including its failure to pay real estate taxes as required by the amendment. Thereafter, by letter dated August 1, 2016 (hereinafter the termination letter), the siblings notified the plaintiff that they were terminating the SPA "effective immediately" based on the plaintiff's alleged failure to cure the various defaults set forth in the December 2014 letter. In the termination letter, the siblings and 249 Brighton noted that one of the properties was scheduled to be sold at a tax lien foreclosure auction. 249 Brighton subsequently paid the tax lien on that property to avoid the foreclosure sale. On September 21, 2016, 249 Brighton entered into a contract with Brighton Plaza, LLC (hereinafter Brighton Plaza), for the sale of the properties.
On that same date, the plaintiff commenced this action against the siblings and 249 Brighton, asserting five causes of action: three to recover damages for breach of contract, one for specific performance of the contract, and one to impose a constructive trust. At the time it commenced the action, the plaintiff also filed a notice of pendency against the properties. The siblings and 249 Brighton thereafter interposed an answer. Rakhman and Vinokurov died during the pendency of the action, and the administrators of their estates were substituted as defendants in this action (hereinafter collectively with Roytkov and 249 Brighton, the moving defendants). Brighton Plaza intervened in the action and interposed an answer. In March 2018, during the pendency of this action, two of the properties were sold to nonparties at tax lien foreclosure auctions.
The moving defendants moved for summary judgment dismissing the complaint and to cancel the notice of pendency. The plaintiff opposed the motion. By order dated January 2, 2020, the Supreme Court, among other things, granted the moving defendants' motion. The plaintiff appeals.
"A court should interpret a contract . . . in accordance with its plain and ordinary meaning, and should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the[ir] expressions . . . so that their reasonable expectations will be realized" (Kirk v Kirk, 207 AD3d 708, 711 [citation and internal quotation marks omitted]). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent and the best evidence of what parties to a written agreement intend is what they say in their writing" (Orlando v County of Putnam, 208 AD3d 503, 504 [internal quotation marks omitted]). Thus, "a written agreement that is complete, clear[,] and unambiguous on its face must be enforced according to the plain meaning of its terms" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 670 [internal quotation marks omitted]). "The threshold question of whether a contract is unambiguous, and the subsequent construction and interpretation of an unambiguous contract, are issues of law within the province of the court" (Klein v Signature Bank, Inc., 204 AD3d 892, 895 [internal quotation marks omitted]).
Here, the moving defendants established, prima facie, that the siblings properly terminated the SPA based on the plaintiff's default thereunder, and the plaintiff failed to raise a triable issue of fact in opposition. The Supreme Court therefore correctly granted those branches of the moving defendants' motion which were for summary judgment dismissing the breach of contract and specific performance causes of action, since those causes of action were based on the SPA. The amendment to the SPA clearly and unambiguously required the plaintiff, among other things, to pay all real estate taxes that accrued on the properties on and after August 1, 2012. By definition, this included all new real estate taxes that accrued on the properties after the date the amendment was executed. Contrary to the plaintiff's contention, the language in the amendment relating to the installment agreement pertained only to real estate taxes in arrears at the time the amendment was executed, not real estate taxes that accrued thereafter, and therefore, that language did not permit the plaintiff to delay paying those real estate taxes. In any event, a fair and reasonable interpretation of the SPA, read as a whole, the purpose of which involved the indirect sale of the properties (see Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 728, 729), required timely payment of post-amendment real estate taxes and resolution of tax arrears, whether by an installment agreement with the DOF or otherwise, since unpaid real estate taxes may result in tax liens and foreclosure proceedings (see e.g. NYCTL 1998-2 [*2]Trust v McGill, 138 AD3d 1077, 1077-1078). Since it was undisputed that the plaintiff failed to pay any real estate taxes, the siblings were within their rights to enforce the plaintiff's default and to terminate the SPA. Moreover, the plaintiff's attempt to interpret its tax obligations under the SPA based on statements allegedly made by Rakhman and Vinokurov to the plaintiff's principal violated the parol evidence rule (see 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d at 670). The plaintiff's contention regarding waiver is improperly raised for the first time on appeal (see Batales v Friedman, 144 AD3d 849, 851).
The Supreme Court also properly granted that branch of the moving defendants' motion which was for summary judgment dismissing the cause of action seeking to impose a constructive trust to prevent the moving defendants from selling the properties to Brighton Plaza or any other party, based on the moving defendants' alleged breach of the SPA, and to hold the properties in trust for the plaintiff's benefit. Since the court correctly determined that the siblings were within their rights in terminating the SPA, the plaintiff's theory of liability for the constructive trust cause of action is without merit, regardless of whether a constructive trust may have otherwise been appropriate under the circumstances (see Edwards v Walsh, 169 AD3d 865, 868; Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691). In any event, the plaintiff failed to demonstrate the existence of a confidential or fiduciary relationship between the parties (see Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 752).
Upon granting that branch of the moving defendants' motion which was for summary judgment dismissing the complaint, the Supreme Court properly granted that branch of their motion which was to cancel the notice of pendency (see Bierman v Limoncelli, 109 AD3d 858, 859).
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court