Fuoco Group, LLP v Weisman & Co. (2023 NY Slip Op 06237)

Fuoco Group, LLP v Weisman & Co.

2023 NY Slip Op 06237

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2019-09673
 (Index No. 601864/17)

[*1]Fuoco Group, LLP, respondent,
v
Weisman & Co., CPAs, et al., appellants.

A. Cohen Law Firm, P.C. (Avinoam Cohen and Law Offices of Michael J. Langer, P.C., Mineola, NY, of counsel), for appellants.
Palmieri Law, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered July 31, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging breach of contract and for an accounting and injunctive relief and dismissing the defendants' counterclaims alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with business relations, and denied those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging breach of contract and for an accounting and injunctive relief and on the counterclaims alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with business relations.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties entered into a Client Servicing Agreement (hereinafter the agreement) whereby Weisman & Co., CPAs (hereinafter Weisman & Co.), and Lanny Weisman agreed to transfer Weisman & Co.'s accounting clients to the plaintiff and service those clients for a period of time, and then Weisman would transition into retirement. Allegedly, Weisman became dissatisfied with the relationship and resigned from working for the plaintiff, taking confidential client information with him, and proceeded to service Weisman & Co.'s former clients from the offices of a competing local accounting firm in violation of the restrictive covenants of the agreement.
The plaintiff commenced this action alleging, inter alia, breach of contract, and obtained a temporary restraining order against the defendants. The defendants asserted counterclaims alleging, among other things, that the plaintiff breached the agreement and engaged in anticipatory breach of the agreement prior to Weisman's resignation. The plaintiff moved, and the defendants cross-moved, for summary judgment. In an order entered July 31, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging breach of contract and for an [*2]accounting and injunctive relief and dismissing the defendants' counterclaims alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with business relations, and denied those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging breach of contract and for an accounting and injunctive relief and on the counterclaims alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with business relations. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract. "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Avery v WJM Dev. Corp., 216 AD3d 887, 888-889 [internal quotation marks omitted]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on that cause of action by demonstrating that Weisman breached the agreement by resigning prematurely, soliciting former Weisman & Co.'s clients to terminate their relationship with the plaintiff, and setting up an office at a competing accounting firm in the same town as the plaintiff.
The defendants failed to raise a triable issue of fact by contending that the plaintiff breached the agreement first by terminating several former Weisman & Co.'s employees without Weisman's consent. Section 9(E) of the agreement provides the plaintiff "sole authority to manage the [former Weisman & Co.'s] Employees, including establishing the terms of employment and termination thereof, and [Weisman] and [Weisman & Co.] shall not interfere in any manner with [the plaintiff's] exercise of such authority," "except as set forth in Section 2(A)." Section 2(A) provides that the plaintiff "retains the right, with [Weisman's] consent, which shall not be unreasonably withheld, to evaluate each employee and adjust compensation accordingly." Insofar as these two sections are in conflict, "where two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give both effect" (Moulton Paving, LLC v Town of Poughkeepsie, 98 AD3d 1009, 1012 [internal quotation marks omitted]). Furthermore, a contract should be construed so as to give full meaning and effect to its material provisions, and so as not to render any portion meaningless (see Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 728). Applying these precepts here, Section 2(A) of the agreement does not serve to abrogate the plaintiff's sole authority to terminate former Weisman & Co.'s employees without Weisman's consent as set forth in Section 9(E). Accordingly, the plaintiff did not breach the agreement by doing so.
The defendants further failed to raise a triable issue of fact by contending that the plaintiff engaged in anticipatory breach of the agreement. The doctrine of anticipatory breach provides that "a wrongful repudiation of the contract by one party before the time for performance . . . relieves the nonrepudiating party of its obligation of future performance and entitles that party to recover the present value of its damages from the repudiating party's breach of the total contract" (American List Corp. v U.S. News & World Report, 75 NY2d 38, 44 [citations omitted]). "For an anticipatory repudiation to be deemed to have occurred, the expression of intent not to perform by the repudiator must be 'positive and unequivocal'" (Lamarche Food Prod. Corp. v 438 Union, LLC, 178 AD3d 910, 912, quoting Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [internal quotation marks omitted]). Here, the conduct alleged does not constitute a positive and unequivocal repudiation of the contract by the plaintiff (see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d at 133).
As the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract, it also properly granted those branches of the motion which were for summary judgment on the issue of liability on the causes of action for an accounting (see Lex Tenants Corp. v Gramercy N. Assoc., 284 AD2d 278) and injunctive relief (see Elow v Svenningsen, 58 AD3d 674).
The Supreme Court properly granted that branch of the plaintiff's motion which was [*3]for summary judgment dismissing the counterclaim alleging breach of the implied covenant of good faith and fair dealing, on the ground that the claim is duplicative of the counterclaim alleging breach of contract (see Astor Ben Sasha LLC v HFZ 235 W. 75th St. Owner LLC, 215 AD3d 515).
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim alleging tortious inference with business relations. "'To set forth a cause of action sounding in tortious interference with business relations, a plaintiff is required to plead that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper'" (Long Is. Thoracic Surgery, P.C. v Building Serv. 32BJ Health Fund, 215 AD3d 942, 943, quoting Tri-Star Light Corp. v Goldstein, 151 AD3d 1102, 1106 [internal quotation marks omitted]). The defendants claim that a letter sent to former Weisman & Co.'s clients informing them of the temporary restraining order against the defendants in this action amounts to tortious interference with the defendants' business relationships with those clients. The plaintiff established its prima facie entitlement to judgment as a matter of law dismissing that counterclaim by demonstrating that the subject letter was not sent to those clients for the sole purpose of harming Weisman or by unlawful or improper means. When a party's actions are motivated by economic self-interest, they cannot be for the sole purpose of harming the other party (see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 655; Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp., 197 AD2d 563). In opposition, the defendants failed to raise a triable issue of fact as to tortious interference with regard to any interaction the plaintiff had with former Weisman & Co.'s clients. Accordingly, the court properly determined that the counterclaim alleging tortious interference with business relations should be dismissed.
The defendants' remaining contentions are without merit.
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court