Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn (2024 NY Slip Op 04339)

Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn

2024 NY Slip Op 04339

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-06892
 (Index No. 508119/21)

[*1]Shulamith School for Girls, Inc., respondent,
v
Shulamith School for Girls of Brooklyn, appellant.

Carmel, Milazzo & Feil, LLP, New York, NY (Christopher P. Milazzo of counsel), for appellant.
Herrick, Feinstein, LLP, New York, NY (Avery S. Mehlman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated July 11, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff operates a school located in Cedarhurst, whereas the defendant operates a school located in Brooklyn. The two schools previously served as two branches of the same institution, the Shulamith School for Girls (hereinafter Shulamith), before separating. Rabbi Moshe Zwick, a nonparty, was employed by Shulamith for more than four decades. Prior to his retirement, Shulamith entered into an agreement with Zwick wherein it promised, inter alia, to pay him a pension of $75,000 per year in monthly installments for the remainder of his life. Subsequently, in December 2013, in order to resolve a prior action between them, the plaintiff and the defendant entered into a settlement agreement and general release (hereinafter the settlement agreement). In the settlement agreement, the plaintiff and the defendant agreed, among other things, to split equally the costs of Zwick's pension.
In January 2021, the plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. In the complaint, the plaintiff alleged, among other things, that the defendant failed to make pension payments to Zwick as required under the settlement agreement and that the plaintiff had paid Zwick the amounts that the defendant had failed to pay. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract. By order dated July 11, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendant appeals.
"The proponent of a summary judgment motion bears the burden of making a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of material issues of fact. Only after this showing has been made does the [*2]burden shift to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material triable issues of fact" (Moscatiello v Wyde True Value Lbr. & Supply Corp., 168 AD3d 833, 834 [citation omitted]). Moreover, "[t]o recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d 936, 937-938 [internal quotation marks omitted]; see Fuoco Group, LLP v Weisman & Co., 222 AD3d 619, 621). "[A] written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (249-251 Brighton Beach Ave., LLC v 249 Brighton Corp., 217 AD3d 809, 811 [alterations and internal quotation marks omitted]).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action to recover damages for breach of contract (see Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d at 938; Potruch & Daab, LLC v Abraham, 97 AD3d 646, 648; cf. Hart v Rosenthal, 173 AD3d 695, 697-698). The plaintiff submitted evidence demonstrating, inter alia, that the defendant breached the settlement agreement by failing to make pension payments due thereunder.
In opposition, the defendant failed to raise a triable issue of fact as to liability (see Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d at 938). Instead, the defendant's submissions in opposition confirmed that the defendant had last made a pension payment pursuant to the settlement agreement in 2017, thereby breaching its obligation to make such payments thereafter. Contrary to the defendant's contention, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract should not have been denied on the ground that the plaintiff's submissions purportedly violated the best evidence rule, specifically with regard to the precise amount the plaintiff paid to cover the defendant's breach (cf. DuValle v Swan Lake Resort Hotel, LLC, 26 AD3d 616, 618; Anzalone v State Farm Mut. Ins. Co., 92 AD2d 238, 240). Even assuming the defendant adequately disputed whether the plaintiff made the claimed pension payments for purposes of invoking the best evidence rule (cf. Comerica Bank, N.A. v Benedict, 39 AD3d 456, 458), the amount allegedly paid by the plaintiff speaks to the question of damages, not to the issue of liability (see Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d at 938).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., GENOVESI, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court