McAllister v Wayside Out-Reach Dev., Inc. (2025 NY Slip Op 04565)

McAllister v Wayside Out-Reach Dev., Inc.

2025 NY Slip Op 04565

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2020-09604
 (Index No. 519844/19)

[*1]John D. McAllister, appellant, 
v
Wayside Out-Reach Development, Inc., respondent.

C. Robinson & Associates, LLC, New York, NY (W. Charles Robinson of counsel), for appellant.
Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 11, 2020. The order denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.
The plaintiff alleges that he entered into a written agreement (hereinafter the agreement) with the defendant, pursuant to which he would provide consulting services to the defendant. In September 2019, the plaintiff commenced this action to recover damages for breach of contract, alleging, inter alia, that the defendant breached the agreement by failing to pay the plaintiff monies owed pursuant to the agreement. In July 2020, the plaintiff moved for summary judgment on the complaint, and the defendant opposed the motion. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"'The proponent of a summary judgment motion bears the burden of making a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of material issues of fact. Only after this showing has been made does the burden shift to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material triable issues of fact'" (Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn, 230 AD3d 822, 823, quoting Moscatiello v Wyde True Value Lbr. & Supply Corp., 168 AD3d 833, 834). "'[T]o recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach'" (id. at 823-824, quoting Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d 936, 937-938). "[A] written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (249-251 Brighton Beach Ave., LLC v 249 Brighton Corp., 217 AD3d 809, 811 [alteration and internal quotation marks omitted]).
Here, the plaintiff established, prima facie, his entitlement to judgment as a matter of law by submitting, inter alia, the agreement executed by himself and the defendant's former chief [*2]executive officer on July 19, 2019, together with evidence that the plaintiff performed under the agreement and that the defendant breached the agreement by failing to make monthly payments due thereunder (see Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn, 230 AD3d at 824; Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d at 937-938).
The plaintiff further met his prima facie burden on the issue of damages for breach of contract. Where a contract provides for termination upon notice, and a termination notice is sent prematurely, the contract will be deemed to be terminated as of the first proper termination date under its provisions (see G. B. Kent & Sons v Helena Rubinstein, Inc., 47 NY2d 561, 564-565; Hausrath Landscape Maintenance, Inc. v Caravan Facilities Mgt., LLC, 219 AD3d 1164, 1165; Yarmy v Conte, 128 AD2d 611, 611). The non-breaching party is entitled to payments accruing before the proper termination date (see Hausrath Landscape Maintenance, Inc. v Caravan Facilities Mgt., LLC, 219 AD3d at 1165).
Here, the plaintiff submitted a copy of a September 6, 2019 letter from the defendant's attorney, which stated that the defendant would "make no further payments" under the agreement. The defendant's attorney addressed the letter to the plaintiff's counsel. While the notice was defective because it failed to provide the plaintiff with 60 days notice and was not mailed to the plaintiff's address as required by the agreement, the September 6, 2019 letter may be treated as terminating the agreement as of 60 days from September 6, 2019: November 5, 2019 (see G. B. Kent & Sons v Helena Rubinstein, Inc., 47 NY2d at 564-565). Because the agreement was executed on July 19, 2019, the plaintiff would have been entitled to send the defendant three invoices, each in the amount of $5,000, totaling $15,000, the amount of compensatory damages sought in the complaint.
In opposition, the defendant failed to raise a triable issue of fact as to the formation of the agreement. Although the defendant submitted conclusory affirmations that the agreement was actually executed by the defendant's former chief executive officer on August 2, 2019, the defendant does not contend that its former chief executive officer did not have the authority to engage the services of the plaintiff (see Finger & Finger, A Professional Corp. v Buckingham Owners, Inc., 165 AD3d 887, 888; A & M Wallboard v Marina Towers Assoc., 169 AD2d 751, 752). Moreover, contrary to the defendant's contention, the terms of the agreement are not fatally indefinite. While almost every agreement has some amount of indefiniteness, "if the doctrine is applied with a heavy hand it may defeat the reasonable expectations of the parties in entering into the contract" (Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483; see Toobian v Golzad, 193 AD3d 778, 783). Here, the agreement clearly identifies the parties and their obligations pursuant to the agreement, including clear provisions defining the term and termination of the agreement. The defendant further failed to contest damages.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint.
The plaintiff's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court