Remede Consulting Group, Inc. v Pitter
2026 NY Slip Op 02683
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Remede Consulting Group, Inc., respondent,
v
Jason Pitter, appellant, et al., defendants

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2024-00700, (Index No. 606756/19)
Angela G. Iannacci, J.P.
Cheryl E. Chambers
Lillian Wan
Janice A. Taylor, JJ.

Albert Van-Lare, New York, NY, for appellant.
Law Office of John S. Desiderio, P.C, Garden City Park, NY, for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Jason Pitter appeals from a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated December 12, 2023. The judgment, upon an order of the same court entered December 11, 2023, granting the plaintiff's motion for summary judgment on the issue of liability on so much of the causes of action alleging breach of contract, conversion, and breach of fiduciary duty as alleged misuse of a corporate credit card insofar as asserted against the defendant Jason Pitter and on the issue of damages to the extent of awarding the plaintiff the principal sum of $135,246.77, is in favor of the plaintiff and against the defendant Jason Pitter in the principal sum of $135,246.77. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is reversed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the issue of damages to the extent of awarding the plaintiff the principal sum of $135,246.77 is denied, and the order is modified accordingly.
The plaintiff, Remede Consulting Group, Inc., commenced this action against, among others, the defendant Jason Pitter, inter alia, to recover damages for breach of contract, conversion, and breach of fiduciary duty. The plaintiff alleged, among other things, that Pitter had entered into a contract with the plaintiff, Pitter's employer, regarding Pitter's use of a corporate credit card he had been issued, and that Pitter had breached that contract, converted company funds, and breached his fiduciary duty by using the corporate credit card for personal expenses. It is not disputed that Pitter used the corporate credit card for personal expenses. Rather, Pitter contends that his use was authorized by Jerome Daniel, the plaintiff's president.
The plaintiff moved for summary judgment on the issue of liability on so much of the causes of action alleging breach of contract, conversion, and breach of fiduciary duty as alleged misuse of the corporate credit card insofar as asserted against Pitter and on the issue of damages to the extent of awarding the plaintiff the principal sum of $135,246.77. In an order entered December 11, 2023, the Supreme Court granted the plaintiff's motion. On December 12, 2023, the court issued a judgment in favor of the plaintiff and against Pitter in the principal sum of $135,246.77. Pitter appeals.
"The elements for a cause of action to recover damages for breach of contract are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach'" (JER Realty, LLC v Pick & Pack Hub, LLC, 236 AD3d 1004, 1005, quoting Fucoco Group, LLP v Weisman & Co., 222 AD3d 619, 621).
Here, the plaintiff met its prima facie burden as to Pitter's liability on so much of the breach of contract cause of action as alleged misuse of the corporate credit card by establishing that Pitter had received a copy of the plaintiff's corporate credit card policy, which expressly limited use of the corporate credit card to authorized business expenses, and that Pitter had executed an agreement acknowledging the policy and agreeing to abide by its terms. Under the circumstances, Pitter's contention that there was an oral agreement between himself and Daniel authorizing Pitter's use of the corporate credit card for personal expenses was insufficient to raise a triable issue of fact (see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290; Gallagher v Long Is. Plastic Surgical Group, P.C., 113 AD3d 652, 653).
"'To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights'" (RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 969, quoting National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 920). "'Conversion occurs when funds designated for a particular purpose are used for an unauthorized purpose'" (Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777 [alteration omitted], quoting East Schodack Fire Co., Inc. v Milkewicz, 140 AD3d 1255, 1256).
Here, the plaintiff met its prima facie burden as to Pitter's liability on so much of the conversion cause of action as alleged misuse of the corporate credit card by showing that he used the plaintiff's funds in an unauthorized manner (see RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d at 969-970; World Ambulette Transp., Inc. v Lee, 161 AD3d 1028, 1031). In opposition, Pitter failed to raise a triable issue of fact.
"'The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct'" (WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1023, quoting Litvinoff v Wright, 150 AD3d 714, 715). "'A fiduciary relationship exists between two persons when one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation'" (id., quoting AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 11 NY3d 146, 158). "'Agency is a legal relationship between a principal and an agent. It is a fiduciary relationship which results from the manifestation of consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act'" (Sneider v Great S. Bay Surgical Assoc. & Vascular Lab, LLP, 235 AD3d 685, 687, quoting Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 58).
The plaintiff met its prima facie burden as to Pitter's liability on so much of the breach of fiduciary duty cause of action as alleged misuse of the corporate credit card by showing the existence of a principal-agent relationship between the plaintiff and Pitter, and that Pitter breached his corresponding fiduciary duties to the plaintiff by improperly using the corporate credit card for personal gain. In opposition, Pitter failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on so much of the causes of action alleging breach of contract, conversion, and breach of fiduciary duty as alleged misuse of the corporate credit card insofar as asserted against Pitter.
However, the plaintiff failed to establish a precise determination of the amount of money owed to it as a result of Pitter's misuse of the corporate credit card (see Spilman v Matyas, 212 AD3d 859, 860; RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 838). Since there are [*2]triable issues of fact with respect to the amount of damages, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of damages (see Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d 936, 938; Spilman v Matyas, 212 AD3d at 861).
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court